Jesse E. NARCISSE, Appellee,

v.

John J. DAHM, Warden, Lincoln Correctional Center, Appellant.

No. 92–3713.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Oct. 27, 1993.

Rehearing Denied Dec. 3, 1993.

J. Kirk Brown, Lincoln, NE, argued, for appellant.

Brian S. Munnelly, Omaha, NE, argued, for appellee.

Before McMILLIAN, WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

The State of Nebraska appeals from a final judgment entered in the United States District Court for the District of Nebraska granting Jesse E. Narcisse (petitioner) habeas corpus relief pursuant to 28 U.S.C. § 2254. *Narcisse v. Dahm,* No. 4:CV91–3022 (D.Neb. Oct. 20, 1992) (Judgment). For reversal, the state argues the district court erred in holding (1) the "fundamental miscarriage of justice" exception to the habeas procedural default rules applies to petitioner's claim for relief and (2) the state has the burden to disprove petitioner's claim that prior convictions used to sentence him under the Nebraska habitual offender statute were obtained in violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (*Boykin*). For the reasons discussed below, we reverse the judgment of the district court.

Petitioner was convicted in Nebraska state court of first degree sexual assault and first degree false imprisonment. The state sought to have petitioner sentenced pursuant to the Nebraska habitual offender statute, Neb.Rev.Stat. § 29–2221, which required two prior felony convictions. At a hearing to determine whether the statute applied, the state introduced certified copies of court records showing petitioner had four prior felony convictions. Petitioner objected to the evidence as to three of the convictions which had resulted from guilty or nolo contendere pleas. He objected on grounds that the documents failed to demonstrate that the pleas were intelligently made, as constitutionally required under *Boykin.* The state trial court overruled his objection. When petitioner then sought to introduce evidence that his constitutional rights had not been explained to him before he entered the pleas, the state trial court sustained a relevancy objection made by the state and excluded the evidence. The state trial court sentenced petitioner under the habitual offender statute to concurrent terms of twenty to sixty years on the sexual assault count and fifteen to twenty years on the false imprisonment count. Petitioner is currently serving those sentences.

Following his conviction, petitioner filed a direct appeal but did not raise his objection to the use of the prior convictions to enhance his sentences. He also did not raise the issue in a state court action for post-conviction relief. Nor had he ever complained of *Boykin* error in any action for post-conviction relief from the prior convictions themselves. In January of 1991, petitioner filed this petition for writ of habeas corpus in federal court where he now claims that he was improperly sentenced under the Nebraska habitual offender statute because three of the four convictions relied upon were obtained in violation of his constitutional rights under *Boykin.*

The district court referred this matter to a magistrate judge. The magistrate judge found that petitioner's claim had been procedurally defaulted and that cause and prejudice could not be established to excuse the default. The magistrate judge determined, however, that federal habeas relief would not be foreclosed if the "fundamental miscarriage of justice" exception to the habeas procedural default rules applied. After allowing supplemental briefing by the parties, the magistrate judge reasoned that if petitioner's allegations of *Boykin* error were established, petitioner's prior convictions would be invalid and thus a condition of eligibility for the sentencing enhancement would not have been met. Slip op. at 3, 1992 WL 354863 (Aug. 13, 1992) (Report and Recommendation) (citing *Sawyer v. Whitley,* ── U.S. ──, ──, 112 S.Ct. 2514, 2522, 120 L.Ed.2d 269 (1992) (*Sawyer*) (failure to meet some condition of eligibility for the death penalty may be basis

for showing actual innocence of that penalty)). Upon consideration of petitioner's *Boykin* claim, the magistrate judge ruled that the state had failed to meet its burden to disprove the constitutional error. The magistrate judge concluded that petitioner was therefore actually innocent of the enhanced sentence imposed and entitled to relief under the fundamental miscarriage of justice exception.[1] Slip op. at 3–4 (Aug. 13, 1992) (Report and Recommendation). The district court adopted the report and recommendation of the magistrate judge and granted the petition for writ of habeas corpus for the reasons stated therein. This appeal followed.

The Supreme Court has specifically stated that the fundamental miscarriage of justice exception involves claims of actual innocence, as opposed to legal innocence. *Sawyer,* —— U.S. at ——, 112 S.Ct. at 2519. Relying on this distinction, the state argues that the district court erred in applying the miscarriage of justice exception to the present case because petitioner's claim is not one of actual innocence but rather one of legal innocence. We agree.[2]

Petitioner does not deny receiving the prior convictions; nor does he allege that he is actually innocent of the underlying crimes. His claim for relief stems from allegations that those prior convictions are invalid because they were obtained in violation of his constitutional rights under *Boykin.*

In *Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir.1992) (*Nolan*), a habeas petitioner who was serving a life sentence for murder sought relief from his conviction on grounds that his involuntary confessions were the state's only evidence of guilt. Nolan claimed that the state unlawfully induced him to confess by making false promises of leniency. On appeal from the district court's denial of habeas relief, we held that Nolan's claim was one of legal innocence and therefore not the type of "extraordinary case" to which the miscarriage of justice exception may apply. *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (federal writ of habeas corpus may be granted absent a showing of cause and prejudice in an "extraordinary case" where the constitutional violation has probably resulted in the conviction of one who is actually innocent)).

In the present case, petitioner's claim focuses solely on the legal validity of his prior convictions, and not their factual validity. His claim is one of legal innocence, not actual innocence. As in *Nolan,* this is therefore not an "extraordinary case" justifying an exception to the standard cause and prejudice requirements. We hold that the district court erred in applying the fundamental miscarriage of justice exception to petitioner's claim for relief. Having determined that petitioner is bound by his procedural default, we need not review the district court's ruling on petitioner's *Boykin* claim on the merits.[3] The district court's judgment granting habeas relief is reversed.

---

1. Petitioner has never claimed that he is actually innocent of the crimes for which he is now incarcerated. Thus, it is undisputed that the fundamental miscarriage of justice exception does not apply to the guilt aspect of his present convictions.

2. The state separately argues that the fundamental miscarriage of justice doctrine only applies to cases in which death is a potential penalty. Because we dispose of the present case on the ground that petitioner's claim is one of legal innocence, we do not reach the issue of the exception's continuing viability in non-capital cases. *Compare Jones v. Arkansas,* 929 F.2d 375

(8th Cir.1991) (*Jones*) (granting federal habeas relief in a noncapital case) *with Higgins v. Smith,* 991 F.2d 440, 441 (8th Cir.1993) (questioning whether *Jones* is still good law in noncapital cases).

3. We note, however, that petitioner does not dispute the state's position that, if the miscarriage of justice exception applies, petitioner has the burden to prove his *Boykin* claim. Rather, petitioner maintains that he has already met this burden or, at a minimum, he should be allowed an opportunity to introduce additional evidence on the issue.