24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Loretta Denise YOUNG, Appellant,
v.
Bryan GOEKE, Appellee.
 No. 93-2897.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1994.
Filed: May 11, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Loretta Denise Young appeals the district court's[1] denial of her second 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 In 1978, a jury found Young guilty of capital murder and she was sentenced to life in prison. Her conviction was affirmed on appeal. State v. Young, 610 S.W.2d 8 (Mo. App. 1980), cert. denied, 452 U.S. 908 (1981). Young, alleging ineffective assistance of her trial counsel for waiving a felony murder jury instruction, sought and was denied post-conviction relief from Missouri state court. Young v. State, 761 S.W.2d 725 (Mo. App. 1988). On December 7, 1989, Young filed a section 2254 petition, alleging that her trial counsel was ineffective for waiving a felony murder instruction. The district court denied the petition on the merits.
 
 
 3
 On September 13, 1991, Young filed this successive section 2254 petition, alleging ineffective assistance of trial counsel in waiving her right to a felony murder jury instruction. In response to a show cause order, the state raised the issue of successive petitions. In a traverse, Young concedes that she was raising her ineffective assistance claim for the second time in a section 2254 petition. Young asserted, however, that the "ends of justice" warrant reconsideration on the merits. Over objections, the district court found that Young had not made a "colorable showing of factual innocence" because she had not presented any new facts or evidence. The court dismissed the petition and Young timely appealed.
 
 
 4
 The rules governing writs of habeas corpus bar most successive petitions. 28 U.S.C. Sec. 2254, Rule 9(b). As Young concedes that her second section 2254 petition raises an identical claim to her first, we are barred from reviewing the merits unless Young shows actual innocence. See Sawyer v. Whitley, 112 S. Ct. 2514, 2518 (1992); Kuhlmann v. Wilson, 477 U.S. 436 (1986). To establish actual innocence, she must show "clear and convincing evidence that but for a constitutional error, no reasonable juror" would have found the petitioner guilty. McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992) (quoting Sawyer, 112 S. Ct. at 2515).
 
 
 5
 Young asserts that she has established actual innocence "[a]s she did not commit the crimes herself, but was merely present when they occurred." We find that she has not established actual innocence. She presented no new evidence, and the evidence adduced at trial is consistent with her guilt. Further, Young's own testimony at trial reflects that she was more than an innocent bystander; rather, she was an active participant in a robbery and a murder. See Jones v. Jerrison, No. 93-1399, 1994 WL 106466, at * 6 (8th Cir. April 1, 1994) (no fundamental miscarriage of justice when no newly discovered evidence presented). To the extent that she challenges her liability as an accomplice, she is making a legal argument and not a showing of actual innocence. See Narcisse v. Dahm, 9 F.3d 38, 40 (8th Cir. 1993) (fundamental miscarriage of justice exception involves claims of actual innocence, not legal innocence).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate for the Eastern District of Missouri