**Robert J. ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 93–2707.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1994.

Decided June 7, 1994.

Jeff A. Bredahl, Fargo, ND, argued, for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, ND, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

In 1990 Robert J. Anderson, a North Dakota resident, pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Anderson's status as a felon was based on his three Wisconsin burglary convictions during the 1970's. Anderson later appealed his sentence asserting the district court should have reduced his offense level for acceptance of responsibility. We affirmed Anderson's sentence in an unpublished opinion. *United States v. Anderson*, 938 F.2d 188 (8th Cir.1991). Anderson then filed this motion to vacate the judgment under 28 U.S.C. § 2255 claiming the Wisconsin felonies could not be considered for the purposes of § 922(g)(1) because his civil rights had been restored. *See* 18 U.S.C. § 921(a)(20) (1988). The district court concluded Anderson had procedurally defaulted his restoration claim by failing to raise it on direct appeal, but considered the restoration claim's merits under the miscarriage of justice exception to procedural default without explaining why the exception applied in Anderson's case. The district court looked to Wisconsin law and decided Wisconsin had

---

* The HONORABLE PIERCE LIVELY, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

not restored Anderson's right to possess a firearm. Thus, the district court concluded Anderson's Wisconsin convictions could be counted for the purposes of § 922(g)(1), and denied Anderson's motion.

 Anderson appeals contending the district court erroneously decided the merits of his claim that his civil rights were restored, and thus, he could not be guilty of being a felon in possession of a firearm because he had no earlier felony convictions within the meaning of § 922(g)(1). Phrasing Anderson's claim another way, one of the crime's elements was not established. At the outset, we note Anderson's claim is not a constitutional one. A claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of collateral attack. *Brennan v. United States,* 867 F.2d 111, 120 (2d Cir.), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). Nor is the claim jurisdictional or otherwise reviewable as expressly authorized by § 2255. *See id.* A motion under § 2255 is not a substitute for a direct appeal, *Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993); *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir.1981), and is not the proper way to complain about simple trial errors, *Poor Thunder v. United States,* 810 F.2d 817, 821 (8th Cir.1987). Although Anderson's restoration claim might justify reversal on direct appeal, it does not necessarily support a collateral attack on a final judgment. *Id.*

 We have made the general statement that relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice. *Reid,* 976 F.2d at 448. As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan,* 867 F.2d at 120; *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir. 1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been

raised on direct appeal but was not. *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992); *see Davis v. United States,* 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *Capua,* 656 F.2d at 1037 (same). Because Anderson's restoration claim is not a constitutional or jurisdictional one and he could have but did not raise the claim in his direct appeal, he cannot excuse his admitted procedural default by showing cause and prejudice. Although Anderson could have used the fact that his attorney failed to raise the restoration claim on direct appeal to allege and show an independent claim of ineffective assistance of counsel, *see Belford,* 975 F.2d at 313 n. 1, he failed to do so.

 Even if we construe Anderson's restoration claim as a constitutional or jurisdictional one, he would still have to show cause and prejudice to excuse his procedural default. *Id.* at 313. Anderson has not made this showing. Anderson's § 2255 motion acknowledged procedural default, but the motion offered no cause for the default and Anderson alleges no cause in his appellate brief. At oral argument Anderson stated that in the district court, he "quietly" raised ineffective assistance of counsel as cause for his procedural default. Assuming Anderson raised the issue, he failed to show his attorney's performance was deficient and the deficiency prejudiced him. *See Ford v. United States,* 983 F.2d 897, 898–99 (8th Cir.1993) (per curiam).

 Anderson asserts we can consider the merits of his restoration claim under the miscarriage of justice exception to procedural default because he is actually innocent of being a felon in possession of a firearm under § 922(g)(1). We will consider a claimed error that could have been raised at trial or on direct appeal if the alleged error was a fundamental miscarriage of justice. *Ramey v. United States,* 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). We are unable to excuse Anderson's procedural default under the miscarriage of justice exception. The exception applies only when a petitioner shows by clear and convincing evidence that, but for an al-

leged constitutional error, no reasonable juror would have found the petitioner guilty. *Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir.1994). Thus, the exception is also known as the actual innocence exception. *Id.* The exception only applies, however, to claims of factual innocence as opposed to legal innocence. *Narcisse v. Dahm,* 9 F.3d 38, 40 (8th Cir.1993); *see Ramey,* 8 F.3d at 1314. Anderson does not deny his possession of the firearm, deny receiving the Wisconsin burglary convictions, or deny committing the burglaries. Instead, he asserts § 922(g)(1) did not apply to him because he had no felony convictions within the meaning of that statute when he possessed the firearm. This is a claim of legal, not factual, innocence. *See Narcisse,* 9 F.3d at 39–40. Further, because Anderson points to no constitutional violation that resulted in his § 922(g) conviction or sentence, the actual innocence exception cannot apply to him. *Higgins v. Smith,* 991 F.2d 440, 441–42 (8th Cir.1993).

We thus affirm the denial of Anderson's § 2255 motion.