**Roosevelt PARTEE, Plaintiff–Appellee,**

v.

**Frank X. HOPKINS, Defendant–Appellant.**

No. 93–3512.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1994.

Decided July 28, 1994.

Mark D. Starr, Asst. Atty. Gen., Lincoln, NE, argued, for appellant.

Michael E. Willet, Wymore, NE, argued, for appellee.

Before MAGILL, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

After a bench trial, a Nebraska state court convicted Roosevelt Partee of being a felon in possession of a firearm. He was sentenced to twenty to fifty years in prison as an habitual criminal based upon two prior second-degree murder convictions. *See* Neb. Rev.Stat. § 29–2221. He appealed, arguing that a 1970 Arkansas murder conviction should not have been used to enhance his sentence because there was no proof that his guilty plea complied with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Nebraska Supreme Court affirmed, holding that, so long as Partee was represented by counsel when he pleaded guilty, as the Arkansas conviction records establish, he "cannot in a habitual criminal or other enhancement determination collaterally attack a prior plea-based conviction." *State v. Partee,* 240 Neb. 473, 482 N.W.2d 272, 277 (1992).

Partee then commenced this federal habeas corpus proceeding. The district court assumed that Partee's *Boykin* claim is procedurally defaulted, held that use of a plea-based conviction to enhance Partee's sentence without proof of *Boykin* compliance is a fundamental miscarriage of justice excusing procedural default, and granted the writ. The State appeals.

Prior to oral argument, a panel of this court held in *Narcisse v. Dahm,* 9 F.3d 38, 40 (8th Cir.1993), (i) "that the fundamental miscarriage of justice exception involves claims of actual innocence, as opposed to legal innocence," *see Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992), and (ii) that a *Boykin* claim "is one of legal innocence, not actual innocence." The State argues that Partee procedurally defaulted his *Boykin* claim and therefore his

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Feder-

al Circuit, sitting by designation.

habeas petition must be denied on the authority of *Narcisse*. Partee urges us to overrule *Narcisse*, but a panel of this court may not do so.

We have substantial doubt that Partee's claim is procedurally defaulted, as the district court assumed. Partee appears to have adequately presented the *Boykin* issue on direct appeal, and the Nebraska Supreme Court decided it on the merits. Nonetheless, we need not remand for further exploration of this issue. In *Custis v. United States*, — U.S. —, — – —, 114 S.Ct. 1732, 1737–39, 128 L.Ed.2d 517 (1994), the Supreme Court held that there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant. *Custis* establishes that Nebraska's decision not to allow collateral *Boykin* attacks as a matter of State law does not entitle Partee to federal habeas corpus relief.

The district denied Partee's other habeas claims, and he did not cross appeal. Accordingly, the judgment of the district court is reversed and the case is remanded with instructions that Partee's petition for a writ of habeas corpus be denied.