52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gewing BRAND, Appellant,
v.
Frank X. HOPKINS, Appellee.
 No. 94-3817.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 11, 1995.
Filed: Apr. 24, 1995.
 
 Before MAGILL and HANSEN, Circuit Judges, and GOLDBERG,* Judge.
 PER CURIAM.
 
 
 1
 Gewing Brand, a Nebraska inmate, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Brand asserts he has demonstrated cause and prejudice sufficient to excuse his procedural default.
 
 
 2
 On January 11, 1984, Brand pleaded guilty to first degree sexual assault in Nebraska state court. A sentence enhancement hearing was held because on January 5, 1979, Brand had pleaded guilty to a prior charge of first degree sexual assault. At the sentence enhancement hearing, the state court determined that the 1984 conviction was a second offense, and sentenced Brand to thirty-five years incarceration without the opportunity for parole.
 
 
 3
 In the habeas petition that is the subject of this appeal, Brand argues that his due process rights were violated when his 1984 sentence was enhanced because his 1979 conviction was invalid. Brand concedes he was represented by counsel when he pleaded guilty in 1979, but argues that his conviction is invalid because the state court failed to advise Brand of his right to confront his accusers and his privilege against self-incrimination in violation of Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 4
 The magistrate judge found that Brand had procedurally defaulted this claim. After a de novo review, the district court adopted the magistrate judge's report and recommendation. The district court also relied on Partee v. Hopkins, 30 F.3d 1011, 1012 (8th Cir. 1994), cert. denied, 115 S. Ct. 1135 (1995), to dismiss Brand's habeas petition. In Partee, we noted that the Supreme Court recently held that "there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant." Id. (citing Custis v. United States, 114 S. Ct. 1732, 1737-39 (1994)).
 
 
 5
 Having carefully reviewed the record and the parties' briefs, we find no reversible error of law or fact. We affirm for the reasons stated in the district court's opinion, which adopted the report and recommendation of the magistrate judge. See 8th Cir. R. 47B.
 
 
 
 *
 The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska