56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Lamar PORTWOOD, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3426
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 19, 1995
Filed: June 1, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lamar Portwood appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. We affirm.
 
 
 2
 Portwood was found guilty by a jury of being a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced him pursuant to 18 U.S.C. Sec. 924(e) based on three prior felony convictions, to which Portwood had stipulated. On direct appeal, we affirmed his sentence and conviction. United States v. Portwood, 857 F.2d 1221, 1222-23 (8th Cir. 1988), cert. denied, 490 U.S. 1069 (1989).
 
 
 3
 In his first section 2255 motion, Portwood argued that one of his convictions-a 1983 state burglary conviction-should not have been used for enhancement because he received a term of imprisonment of less than one year. The district court denied his motion. We affirmed, concluding that the issue could have been raised on direct appeal. Portwood v. United States, No. 91-2917, slip op. at 2-3 (unpublished per curiam), cert. denied, 112 S. Ct. 2955 (1992).
 
 
 4
 Portwood then filed this section 2255 motion, arguing that his trial counsel provided ineffective assistance by not challenging his prior convictions, and that the trial court should have questioned him to determine whether he knowingly and voluntarily stipulated to the convictions. After giving Portwood the opportunity to show cause, the district court dismissed his claims as procedurally barred and abusive of the writ.
 
 
 5
 The section 2255 procedure is not available to correct errors which could have been raised in a prior section 2255 motion, absent a showing of cause and prejudice, or a showing of a fundamental miscarriage of justice. See United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1994). Contrary to Portwood's assertion, the district court could raise the issue of abuse of the writ sua sponte. See id. (district court may raise abuse of writ sua sponte where petitioner given adequate opportunity to respond).
 
 
 6
 We conclude Portwood has not shown cause to excuse his abuse of the writ. Portwood has not shown that he lacked a sufficient factual or legal basis to allege his claims in his first petition, or that anything else prevented him from doing so. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (cause standard requires petitioner to show some objective external factor prevented raising of claim in prior habeas corpus petition; cause standard satisfied where factual or legal basis for claim was not reasonably available). Although Portwood argues as cause subsequent developments in the law, he does not indicate what those subsequent developments are. In addition, Portwood's alleged ignorance of the law does not constitute cause excusing his successive petition. See Fallon, 992 F.2d at 213. Finally, Portwood's assertion that "[section] 922(g)(1) did not apply to him because he had no felony convictions within the meaning of that statute when he possessed the firearm ... is a claim of legal, not factual, innocence." See Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994) (fundamental-miscarriage-of-justice exception applies only to claims of factual, as opposed to legal, innocence).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri