Joseph William **CHARLTON**, Appellant,

v.

**E.W. MORRIS, Warden, FCI—
Sandstone, Appellee.**

No. 94–3437.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1995.

Decided May 8, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied June 20, 1995.

Appellant pro se.

D. Gerald Wilhelm, Asst. U.S. Atty., of
Minneapolis, MN, for appellee.

Before BOWMAN, WOLLMAN, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Joseph William Charlton, a federal inmate,
appeals from the final order entered in the
District Court[1] dismissing his 28 U.S.C.
§ 2254 petition.

In 1990, Charlton pleaded guilty to aiding
and abetting the possession of marijuana
with intent to distribute, in violation of 21
U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Charl-
ton was sentenced as a career offender
based, in part, on a 1982 Minnesota state
felony conviction.

Charlton then filed this section 2254 peti-
tion arguing his Minnesota state conviction
was unconstitutional because of an erroneous
jury instruction and, thus, it could not be
used to enhance his federal sentence. Con-
cluding that Charlton was "in custody" for
section 2254 purposes, the District Court de-
nied Charlton's petition on the merits.

We conclude the District Court was
without jurisdiction to address the merits of
Charlton's section 2254 petition because
Charlton—who had served his state sentence
and was discharged from supervised release
in 1985—was no longer "in custody" for his
state conviction. *See Maleng v. Cook,* 490
U.S. 488, 492, 109 S.Ct. 1923, 1926, 104
L.Ed.2d 540 (1989) (per curiam) (petitioner
whose sentence has expired is no longer "in
custody" for that conviction, even if used to
enhance current sentence). Even if Charl-
ton's petition were construed as a 28 U.S.C.
§ 2255 motion attacking his current federal
sentence, as enhanced by his state conviction,
*see id.* at 493–94, 109 S.Ct. at 1926–27, we
note that he may not use such a motion to
challenge his prior expired state conviction

1. The Honorable David S. Doty, United States
District Judge for the District of Minnesota,
adopting the report and recommendation of the

Honorable Raymond L. Erickson, United States
Magistrate Judge for the District of Minnesota.

930

on the grounds alleged. *See Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir.1994) (inmate cannot collaterally attack a prior state conviction used to "enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant"), *cert. denied*, — U.S. —, 115 S.Ct. 1135, 130 L.Ed.2d 1096 (1995). Thus, the dismissal of Charlton's petition was proper.

Although we do not reach the merits, we note Charlton's Minnesota conviction appears to be constitutionally valid because the erroneous jury instruction was harmless beyond a reasonable doubt. *See Sullivan v. Louisiana*, — U.S. —, — – —, 113 S.Ct. 2078, 2081–82, 124 L.Ed.2d 182 (1993); *Brecht v. Abrahamson*, — U.S. —, — – —, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993); *see also United States v. West*, 28 F.3d 748, 751 (8th Cir.1994) (jury instruction reviewed within context of entire jury charge and entire trial).

The dismissal is affirmed.