Michael L. **GRUENBERG**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Criminal No. 4–89–108(1).**
**Civil No. 97–990.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 3, 1997.

Michael L. Gruenberg, Poway, CA, pro se.

John M. Lee, for U.S.

John Wall, Boston, MA, for Petitioner.

## ORDER

DOTY, District Judge.

This matter is before the court on petitioner's *pro se* motion to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings, and for the reasons stated, the court denies petitioner's motion.

## BACKGROUND

On October 31, 1990, a jury convicted petitioner of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; of interstate transportation of checks or money obtained by fraud, in violation of 18 U.S.C. §§ 2314 and 2; and of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78f(f), and 78m(a), and 18 U.S.C. § 2. On March 27, 1991, petitioner was sentenced by the Honorable Diana E. Murphy, then judge for the U.S. District Court of Minnesota. Petitioner was ordered to the custody of the U.S. Bureau of Prisons for a term of imprisonment of five years on each of counts 2 through 5, counts 8 through 16 and counts 18 through 20 to be served concurrently to each other, and for a term of imprisonment of ten years on each of counts 21 through 26, and counts 28 through 32 to be served concurrently. The court also ordered a term of supervised release. The court ordered that the five and ten year terms be served concurrently to each other. Petition-

er appealed. On appeal, Gruenberg was represented by counsel and also filed a *pro se* brief. The Eighth Circuit Court of Appeals affirmed the convictions and sentence. *See United States v. Gruenberg,* 989 F.2d 971 (8th Cir.1993).

In response to petitioner's motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the court amended the original Judgment and Commitment order nunc pro tunc so that the term of imprisonment on counts 21 through 26, and counts 28 through 32 was modified from ten years to five years, to be served consecutively to the sentence imposed on the other counts.

Petitioner now moves the court to vacate his sentence on the grounds that he was denied effective assistance of counsel at trial, sentencing, and on appeal. The government opposes petitioner's motion.

## DISCUSSION

Collateral relief under section 2255 is available to a federal prisoner to challenge a conviction or sentence on grounds of jurisdictional, constitutional or fundamental defect such as would inherently result in a complete miscarriage of justice. 28 U.S.C. § 2255. A petitioner who fails to raise a nonconstitutional or nonjurisdictional issue on direct appeal is thereafter barred from raising that issue for the first time in a section 2255 habeas proceeding. *Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992) (citing *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)); *Anderson v. United States,* 25 F.3d 704 (8th Cir.1994). A petitioner is excused from a procedural default only if he can show cause and actual prejudice. *United States v. Frady,* 456 U.S. 152, 167–168, 102 S.Ct. 1584, 1594–1595, 71 L.Ed.2d 816 (1982); *United States v. Smith,* 843 F.2d 1148, 1149 (8th Cir.1988). It is well settled that a motion under § 2255 is not a substitute for a direct appeal, and is not the proper means to complain about simple errors. *See Anderson,* 25 F.3d at 706 (citing *Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992), *cert. denied,* 507 U.S. 945, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993), and *Poor Thunder v. United States,* 810 F.2d 817, 821 (8th Cir.1987)). Further,

claims which were raised and decided on direct appeal cannot be relitigated on a motion brought pursuant to 28 U.S.C. § 2255. *United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir.1981).

The Sixth Amendment guarantees that an accused shall have "the Assistance of Counsel for his defense." U.S. Const. amend. VI. The mere presence of counsel is insufficient to satisfy the Constitution. *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). Rather, counsel must be sufficiently "effective" to ensure that the adversarial system produces just results. *Id.* (citing *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970)).

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064. There is a strong presumption that counsel acted competently and provided reasonable professional assistance, *Ford v. Lockhart,* 904 F.2d 458, 462 (8th Cir.1990), and defendant "bears the heavy burden in overcoming that presumption." *Bramlett v. Lockhart,* 876 F.2d 644, 647 (8th Cir.1989), *cert. denied,* 493 U.S. 941, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989). The court applies an objective standard of reasonableness; counsel's performance will be considered constitutionally deficient if he "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Hayes v. Lockhart,* 766 F.2d 1247, 1251 (8th Cir.), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). If the court finds that counsel's conduct fell below that which is constitutionally required, defendant must demonstrate that, but for counsel's deficiencies, there is a reasonable probability that the verdict would have been different. *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068–2069. Having reviewed the file, record, and proceedings, the court concludes that petitioner's arguments are without merit.

Petitioner asserts that trial counsel failed to discern the government's theory of the case, and as such, defendant testified without a full understanding of the government's case which rendered his testimony "a 'slow plea of guilty.'" Petitioner's Points and Authorities in Support of Position at 2. Petitioner also asserts that trial counsel failed to understand why a critical expert witness was relevant and, therefore, failed to successfully argue for that testimony. In addition, petitioner claims that sentencing counsel failed to object to an incorrect sentence. Finally, petitioner asserts that appellate counsel was deficient in raising issues.

 As to petitioner's first argument, petitioner has not offered any basis for his position considering his familiarity with the case and evidence. Petitioner did not testify until after the government presented its case, giving petitioner ample opportunity to know the nature of the government's case. Petitioner was active in his defense, as demonstrated by his trial testimony. In addition, petitioner did not admit his guilt during the testimony and refers to no basis in the record as to such admission. Moreover, petitioner has not shown that he was prejudiced or that the result would have been any different had he understood the government's theory of the case. As to petitioner's second argument, the petitioner informed the government that he intended to call an expert accounting witness. The government objected and filed a motion to exclude evidence. The court ordered that the expert could testify, but that the testimony would be limited to hypothetical questions. The expert testified at trial. The trial court's ruling does not constitute ineffective assistance of counsel. With respect to petitioner's argument that he received ineffective assistance of counsel at sentencing, petitioner's sentence was modified by the court pursuant to Federal Rule of Criminal Procedure 35(a). Petitioner has failed to demonstrate prejudice from counsel's failure to object to the sentence. With respect to petitioner's assertion that he was denied effective assistance of counsel on appeal, petitioner has failed to show prejudice, considering plaintiff filed his *pro se* brief raising numerous issues, all of which were determined to lack merit by the Eighth Circuit. Therefore, based on a review of the file and record, the court concludes that petition-

er has failed to satisfy the requirements of *Strickland.*

## CONCLUSION

Accordingly, based upon a review of the file, record, and proceedings, **IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside or correct his sentence is denied (Doc. No. 365).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**