**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2687
_____

Lamarr Love,                                    *
                                                *
            Appellant,                          *
                                                * Appeal from the United States
     v.                                         * District Court for the
                                                * District of Minnesota.
J. W. Tippy,                                    *
                                                *              **[PUBLISHED]**
            Appellee.                           *

_____

Submitted:  November 7, 1997
      Filed:  November 12, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     In 1994, Lamarr Love was convicted of federal drug offenses in the
Northern District of Iowa and sentenced as a career offender to 270 months
in prison.  Love filed this petition for a writ of habeas corpus in the
District of Minnesota, where he is presently incarcerated, alleging that
a 1988 Wisconsin state court conviction should not have been used to
enhance his federal sentence because it was infected by an

involuntary guilty plea and ineffective assistance of counsel. The district court[1] dismissed the petition with prejudice, and Love appeals. We affirm.

First, construing Love's *pro se* petition as directly challenging his Wisconsin conviction under 28 U.S.C. § 2254, the district court dismissed it for lack of jurisdiction because Love completed serving the state sentence before his federal conviction, so he is no longer in custody under the state conviction. We agree. See Maleng v. Cook, 490 U.S. 488 (1989); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.), cert. denied, 116 S. Ct. 328 (1995).

Second, construing Love's petition as also seeking to challenge the validity of his federal sentence under 28 U.S.C. § 2255, the district court held that a collateral attack on a prior sentence used to enhance this federal sentence is barred by Custis v. United States, 511 U.S. 485 (1994), as construed in Partee v. Hopkins, 30 F.3d 1011 (8th Cir. 1994), cert. denied, 115 S. Ct. 1135 (1995). On appeal, Love urges us to modify the district court's judgment to a dismissal without prejudice, no doubt because § 2255 jurisdiction lies in the district court that sentenced him, the Northern District of Iowa, rather than the district where he is incarcerated. However, the district court's decision to deny § 2255 relief was correct on the merits. Custis was a direct federal appeal. Therefore, the Supreme Court's decision establishes that the enhancement issue Love seeks to raise should have been raised at his sentencing and is now procedurally defaulted, *and* that he may not collaterally attack the Wisconsin conviction in this manner because it did not involve a failure to appoint counsel. Because Love was sentenced in another district within the Eighth Circuit, we will short-circuit a potential multiplicity of meritless post-conviction proceedings by affirming the dismissal of his petition for § 2255 relief with prejudice.

---

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, adopting the report and recommendation of the HONORABLE FRANKLIN L. NOEL, United States Magistrate Judge for the District of Minnesota.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.