## Lamarr LOVE, Appellant,

v.

## J.W. TIPPY, Appellee.

### No. 97–2687.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1997.

Decided Nov. 12, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 24, 1997.

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

### PER CURIAM.

In 1994, Lamarr Love was convicted of federal drug offenses in the Northern District of Iowa and sentenced as a career offender to 270 months in prison. Love filed this petition for a writ of habeas corpus in the District of Minnesota, where he is presently incarcerated, alleging that a 1988 Wisconsin state court conviction should not have been used to enhance his federal sentence because it was infected by an involuntary guilty plea and ineffective assistance of counsel. The district court [1] dismissed the petition with prejudice, and Love appeals. We affirm.

 First, construing Love's *pro se* petition as directly challenging his Wisconsin conviction under 28 U.S.C. § 2254, the district court dismissed it for lack of jurisdiction because Love completed serving the state sentence before his federal conviction, so he

---

1. The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, adopting the report and recommendation of

the HONORABLE FRANKLIN L. NOEL, United States Magistrate Judge for the District of Minnesota.

is no longer in custody under the state conviction. We agree. *See Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995).

■ Second, construing Love's petition as also seeking to challenge the validity of his federal sentence under 28 U.S.C. § 2255, the district court held that a collateral attack on a prior sentence used to enhance this federal sentence is barred by *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), as construed in *Partee v. Hopkins*, 30 F.3d 1011 (8th Cir.1994), *cert. denied*, 513 U.S. 1166, 115 S.Ct. 1135, 130 L.Ed.2d 1096 (1995). On appeal, Love urges us to modify the district court's judgment to a dismissal without prejudice, no doubt because § 2255 jurisdiction lies in the district court that sentenced him, the Northern District of Iowa, rather than the district where he is incarcerated. However, the district court's decision to deny § 2255 relief was correct on the merits. *Custis* was a direct federal appeal. Therefore, the Supreme Court's decision establishes that the enhancement issue Love seeks to raise should have been raised at his sentencing and is now procedurally defaulted, *and* that he may not collaterally attack the Wisconsin conviction in this manner because it did not involve a failure to appoint counsel. Because Love was sentenced in another district within the Eighth Circuit, we will short-circuit a potential multiplicity of meritless post-conviction proceedings by affirming the dismissal of his petition for § 2255 relief with prejudice.

The judgment of the district court is affirmed.