# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2469SI

———————

Jerry L. Miles,                                                    *
                                                                    *
                                    Appellant,                      *
                                                                    *    Appeal from the United States
               v.                                                   *    District Court for the Southern
                                                                    *    District of Iowa.
Herbert Maschner, Warden of the Iowa    *
State Penitentiary; Thomas J. Miller,         *              [UNPUBLISHED]
Iowa Attorney General,                            *
                                                                    *
                                    Appellees.                     *

———————

Submitted: February 9, 1999
Filed: February 19, 1999

———————

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,[*] District Judge.

———————

PER CURIAM.

In 1991, an Iowa jury convicted Jerry L. Miles of a state law weapons violation. After Miles completed his sentence, Miles was convicted and sentenced on a drug-related charge. While serving this new sentence, Miles petitioned the district court for a writ of habeas corpus, challenging his 1991 conviction. See 28

———————

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

U.S.C. § 2254 (1994 & Supp. II 1996). The district court dismissed Miles's habeas petition for lack of subject matter jurisdiction. Miles appeals, and we affirm.

Miles contends the district court committed error in dismissing his habeas petition. We disagree. The district court properly concluded it did not have jurisdiction to address the merits of Miles's petition because Miles was no longer in custody for the 1991 conviction, having completely served and discharged his state sentence before filing his habeas petition. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (per curiam); Love v. Tippy, 128 F.3d 1258, 1258-59 (8th Cir. 1997) (per curiam); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam). Contrary to Miles's view, he cannot satisfy the in custody requirement in this habeas case by arguing his 1991 conviction could delay parole from his current sentence. It is well settled that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. Additionally, Miles's alternative argument that his habeas petition should be construed as a permissible collateral attack on his current sentence is foreclosed by the decisions of this court. See Love, 128 F.3d at 1259 (habeas petitioner cannot collaterally attack state conviction used to enhance later sentence if attack does not involve failure to appoint counsel); Charlton, 53 F.3d at 929-30 (same).

We affirm the dismissal of Miles's habeas petition for the reasons stated in the magistrate judge's report and recommendation adopted by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.