UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Carl CARTER, Defendant–Appellant.

No. 00–1134.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

---

*ORDER*

Carl Carter, a federal prisoner proceeding through counsel, appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 16, 1999, a grand jury indicted Carter on one count of being a felon in possession of a firearm. On October 4, 1999, Carter pleaded guilty pursuant to a written plea agreement which estimated his sentencing guideline range to be 24 to 30 months in prison. The court accepted the plea agreement under advisement, but ultimately rejected the agreement at sentencing because the probation department had calculated a higher sentencing guideline range of 41 to 51 months in prison. The increased range resulted from a four-level enhancement to Carter's offense level under USSG § 2K2.1(b)(5) for possession of a firearm in connection with the sale of marijuana and from an increase in his criminal history category based on previously uncounted criminal activity occurring after the instant offense. Despite the district court's rejection of the plea agreement, Carter chose not to withdraw his plea. The district court then sentenced Carter to 51 months of imprisonment and 3 years of supervised release.

In his timely appeal, Carter argues that, notwithstanding Sixth Circuit precedent, the district court lacked jurisdiction to accept his plea. He contends that he was not a felon at the time of his instant offense because Michigan had restored his civil rights after his 1995 state felony conviction for attempted possession with intent to deliver cocaine and carrying a concealed weapon.

Initially, we note that Carter did not raise his restoration argument in the district court. As Carter did not enter a conditional plea reserving the right to raise this or other specified issues on appeal, he has forfeited all non-jurisdictional attacks on his conviction. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000). An argument concerning restoration of rights does not raise a jurisdictional question. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir.1994); *but see United States v. Fisher*, 38 F.3d 1144, 1146–47 n. 2 (10th Cir.1994). Consequently, Carter may not raise this issue on appeal.

Nonetheless, we conclude that Carter's argument lacks merit because his civil rights have not been fully restored under state law. *See* 18 U.S.C. § 921(a)(20); *see also Caron v. United States*, 524 U.S. 308, 312–13, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990). A person convicted of a felony, such as Carter, becomes entitled under Michigan law to vote, hold public office, and serve on a jury once he is released from custody. *See Hampton v. United States*, 191 F.3d 695, 699 and 702 (6th Cir.1999). But where, as here, the elements of the felony include, inter alia, either the unlawful possession of a con-

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

trolled substance or the unlawful possession of a firearm, a person's right to ship, transport, possess, and receive firearms will not be restored until at least five years after release. *See* Mich. Comp. Laws § 750.224f(2) and (6)(ii), (iii). Carter was discharged from probation on May 29, 1997, and hence was still under firearms restrictions at the time of his instant offense on April 7, 1999. As his rights had not been fully restored, he was properly subject to prosecution under § 922(g)(1), and Carter's counsel has failed to set forth any reason why Sixth Circuit precedent should not apply in this case.

Accordingly, the district court's judgment is affirmed.