# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1793

_____

| | | |
|---|---|---|
| Robert Terrence Jackson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| State of Iowa, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: December 12, 2005
Filed: December 16, 2005

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert Terrence Jackson appeals the district court's[1] dismissal of his habeas petition. We affirm.

Jackson placed his petition in the prison mail system on October 19, 2003, and it was filed with the district court on October 28, 2003. Jackson's "maximum discharge date" from supervised release was October 30, 2003. The district court, in

_____

[1] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

review of Jackson's habeas petition, found Jackson was discharged from his term of supervised release on September 30, 2003.

Federal jurisdiction exists over petitions for habeas relief only when such relief is sought by persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A federal district court is without jurisdiction to address the merits of a section 2254 petition where the habeas petitioner – who has served his state sentence and has been discharged from supervised release – is no longer "in custody" for his state conviction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995). Upon finding Jackson was discharged from supervised release prior to the filing of his habeas petition, the district court dismissed the petition. This appeal followed.

In habeas cases, we review the district court's findings of fact for clear error and its legal conclusions de novo. Reagan v. Norris, 365 F.3d 616, 621 (8th Cir. 2004). "A district court's choice between two permissible views of evidence cannot be clearly erroneous." Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997).

The district court based its finding Jackson was discharged from supervised release on September 30, 2003, based upon a September 30, 2003, entry by Jackson's parole officer which notes the officer informed Jackson he was discharged from parole, the file was purged, and the case closed. The entry also indicates the officer had not received Jackson's discharge papers as of September 30, 2003.

Jackson does not challenge the accuracy or authenticity of the case note entry. Instead, he asserts he was not discharged until he signed the discharge papers. We do not find this argument compelling. Jackson was never informed his discharge from

parole was dependent upon signing the discharge papers. Accordingly, we conclude the district court's finding Jackson was discharged from supervised release on September 30, 2003, is not clearly erroneous. As such, the district court correctly determined it did not have jurisdiction to entertain the habeas petition. We therefore affirm the district court's dismissal of Jackson's habeas petition.

_____