**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alexander BERNAL, also known as Alex Geronimo, also known as Geronimo Pascuales, also known as Alejandro Bernal, Defendant–Appellant.**

**No. 93–3509.**

United States Court of Appeals, Seventh Circuit.

Argued May 18, 1994.

Decided June 29, 1994.

Barry R. Elden, Asst. U.S. Atty., James J. Tharp (argued), Criminal Receiving, Appellate Division, Chicago, IL, for plaintiff-appellee.

Kevin E. Milner (argued), Law Offices of Kevin E. Milner, Chicago, IL, for defendant-appellant.

Before SPROUSE,* CUDAHY and KANNE, Circuit Judges.

PER CURIAM.

Alexander Bernal appeals his conviction of violating 18 U.S.C. § 922(g) which prohibits a previously convicted felon from knowingly possessing a firearm. Bernal concedes that he has been previously convicted of a felony. It is also undisputed that two Chicago police officers searched him and found a loaded .25 caliber pistol in the pocket of his overcoat.

He argues, however, that the district court erred in two rulings: refusing to suppress the evidence of his seized gun and refusing to dismiss the indictment on his asserted grounds of prosecutorial vindictiveness. Bernal contends principally that a search of his person violated the Fourth Amendment. He also brings a factually unsubstantiated claim that the federal prosecutor was motivated by vindictiveness in obtaining the indictment under which he was convicted. We affirm.

The incidents resulting in Bernal's conviction occurred within a brief period on November 15, 1991. He and his girlfriend, Terry Clark, were in a bar called "The Bend" on North Lincoln Avenue in Chicago, Illinois. Angered that another man in the bar was flirting with Clark, Bernal, under the influence of both alcohol and cocaine, borrowed a .25 caliber pistol from a friend and fired a shot into the floor. Bernal, ordered out by the bartender, exited the bar and entered a nearby restaurant called the "Hub."

After Bernal left the bar, the bartender locked the door behind him, telephoned the police and informed them of the incident. She described Bernal as a small Hispanic man wearing a black leather jacket or coat. Two patrol cars quickly responded. Upon their arrival, the bartender informed two police officers that Bernal was last seen heading north on Lincoln Avenue. Those patrolmen quickly told Officers Martinek and Dienethal that the suspect was headed north. A total of four policemen went in that direction and entered the Hub.

According to the officers' testimony, Bernal was standing in the restaurant, with his coat on, when they entered and he was the only patron who fit the bartender's description. Officer Dienethal identified himself, and Bernal turned around. Officer Martinek immediately recognized Bernal because he had arrested him on a previous occasion. The officers testified that when Bernal began to wave his arms, they grabbed them, and patted down the outside of his coat. They found the incriminating pistol.

---

* The Honorable James M. Sprouse, Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

Bernal related a somewhat different story. According to him, he had been in the Hub for ten to twelve minutes before the police arrived and there were a number of other people in the restaurant. He claims that he was seated in a booth with his coat off and, when he stood to pick up his order, he was confronted by the police. The officers then went over to the booth and grabbed the gun out of his coat pocket. No other witnesses testified as to what occurred during the search and arrest.

In any event, when the officers found the gun, Bernal was placed under arrest. He was subsequently indicted on a state charge of knowing possession of a firearm by a person previously convicted of a felony. The state prosecutor offered to recommend a five-year prison term in exchange for a plea of guilty. Despite the Cook County Circuit Judge's cautioning him of the potential ramifications of a rejection of the plea offer, Bernal refused to plead guilty. His case was later dismissed. A federal grand jury then indicted him for violating 18 U.S.C. § 922(g). After a jury trial, Bernal was convicted on the federal weapons charge, and he brings this appeal.

■ Bernal claims that the police officers violated the Fourth Amendment because there was no probable cause for his arrest. He asserts that the officers had no personal knowledge of wrongdoing on his part nor did they have reason to believe he was the suspect who fired the gun. The facts, however, as found by the district court, appear to support a finding of initial probable cause for Bernal's arrest, but it is unnecessary to reach that point.

The district court found that at the time of the incident the restaurant was not crowded, only one person meeting the suspect's description was in the restaurant, Bernal was wearing his coat, and the gun was in the coat pocket. The court also found that the police arrived within two to three minutes after Bernal left the Bend and that the officers immediately recognized Bernal as the person meeting the description of the gunman. We agree with the district court and the government that the seizure of the gun was incident to an investigatory stop and that the officers

had a reasonable suspicion that Bernal had committed a crime.

> A reasonable search for weapons for the protection of the police officer [is permissible] where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.... And in determining whether the officer acted reasonably in such circumstances, due weight must be given ... to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.

*Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968).

■ We will not disturb a district court's denial of a motion to suppress evidence unless that denial was clearly erroneous. *United States v. Adebayo,* 985 F.2d 1333, 1337 (7th Cir.1993). Here, the district court's fact findings were not clearly erroneous and, in our view, are more than sufficient to satisfy the *Terry* standard.

■ Likewise, there is no merit to Bernal's contention that the federal prosecutor was motivated by vindictiveness in having him indicted and tried. Bernal has presented no evidence to suggest any connection between the state prosecutor's or the state judge's perceived anger at his refusal to plead guilty and federal prosecutors' decision to bring a section 922(g) charge. The discovery of the gun and Bernal's status as a six-time convicted felon established sufficient justification for the federal government's interest in this case so that it is much less likely that the government prosecuted out of some vindictive motive. *See United States v. Benson,* 941 F.2d 598, 611–13 (7th Cir.1991). In sum, there is absolutely no evidence to support Bernal's claim, and it must fail. *United States v. Dickerson,* 975 F.2d 1245, 1251 (7th Cir.1992).

In view of the above, the judgment of the district court is affirmed.

AFFIRMED.