54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ervie HANKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3750.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Ervie Hankins was convicted of conspiracy to possess cocaine with intent to distribute. At sentencing, the district court considered petitioner's previous five convictions over a 20-year period,[2] and found he had achieved career offender status, U.S.S.G. Sec. 4B1.1, and accordingly sentenced him to 216 months' imprisonment. Hankins did not appeal his sentence, but instead filed a Sec. 2255 motion, collaterally challenging the constitutionality of the five predicate convictions on the basis that the pleas were all involuntary because he was either incoherent from the use of heroin, or tricked. The district court denied the Sec. 2255 motion without a hearing.
 
 
 2
 In Custis v. United States, 114 S. Ct. 1732, 1739 (1994), the Court held that with the exception of convictions obtained in violation of the right to counsel (i.e., Gideon challenges),[3] a defendant in a federal sentencing proceeding under the Armed Career Criminal Act or other sentencing enhancement provisions,[4] has no right to collaterally challenge the validity of prior state convictions used to enhance his federal sentence.[5] See also United States v. Killion, 30 F.3d 844 (7th Cir. 1994); United States v. Mitchell, 18 F.3d 1355 (7th Cir. 1994).
 
 
 3
 In all five of the underlying cases, Hankins was represented by counsel at the guilty plea hearings. Thus, the collateral challenge is improper. See Custis, 114 S. Ct. at 1738. If Hankins wishes to attack the five prior convictions, he should file a habeas action in those cases, and not raise the challenge collaterally in this conspiracy to possess cocaine case. If he is successful in attacking one or more of the prior state convictions through state or federal habeas or post-conviction review, then he may use a Sec. 2255 motion to apply for reopening of the 216-month federal sentence. Custis, 114 S. Ct. at 1739. See also, e.g., United States v. Nichols, 30 F.3d 35 (5th Cir. 1994) (after federal cocaine-related conviction and sentencing, a Texas court vacates the state conviction used for enhancing defendant's federal sentence; under Custis, defendant is allowed to return to federal court and file a Sec. 2255 motion to correct the federal sentence on the ground that he could no longer be considered a career offender since his state conviction had been vacated).
 
 
 4
 In regard to petitioner's argument that his trial counsel was ineffective for failing to object to the use of certain information at the sentencing hearing, we find the issue has been waived because petitioner raises it for the first time before this court. See Smith v. Farley, 25 F.3d 1363 (7th Cir. 1994).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). After consideration of the statement filed by petitioner, the court has determined that oral argument is not necessary and the appeal is therefore submitted on the briefs and the record
 
 
 [2]
 All five convictions were in the Wisconsin state courts. They included two burglaries, one rape, one robbery, and one charge of endangering safety by conduct regardless of life
 
 
 [3]
 Gideon v. Wainwright, 372 U.S. 335 (1963)
 
 
 [4]
 While Custis concerned the Armed Career Criminal Act of 1984, 18 U.S.C. Sec. 924(e), the rationale in Custis applies with equal force to sentencing enhancement imposed pursuant to the Sentencing Guidelines (as in the present case). United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994); United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)
 
 
 [5]
 This holds true even though Custis had not yet been decided at the time the district court denied Hankins' habeas petition. See United States v. Killion, 30 F.3d 844, 846 (7th Cir. 1994)