54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Clay Edward ROSS-BEY, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 94-3481.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Clay Edward Ross-Bey appeals from a district court order denying a petition for writ of habeas corpus challenging the action of the United States Parole Commission revoking petitioner's parole and continuing custody to a presumptive parole date after service of 50 months.
 
 
 2
 In May 1985, petitioner was sentenced to 15 years' imprisonment for conspiracy, and forging a postal money order. A three-year consecutive prison term for perjury was later added to this sentence. In March 1991, petitioner was paroled from the 18-year term. In May 1992, following a revocation hearing establishing various parole violations not relevant here, the Commission revoked petitioner's parole and set a new presumptive parole date of June 26, 1993.
 
 
 3
 In June 1993, petitioner was paroled again. After being arrested in November 1993 for attempting to sell heroin to police officers while in possession of a handgun, petitioner's parole was once again revoked. Petitioner then sought a writ of habeas corpus, challenging that revocation of parole.
 
 
 4
 Petitioner contends that the Commission relied upon false information, when it found credible the police officer's testimony that in November 1993 petitioner possessed heroin with intent to distribute and possessed a loaded handgun. We review a decision of the Parole Commission for arbitrariness or capriciousness. Schiselman v. United States Parole Commission, 858 F.2d 1232, 1237 (7th Cir. 1988). The Commission need not have the sort of evidence that would persuade a court in a criminal proceeding. Thompson v. Duke, 940 F.2d 192, 194 (7th Cir. 1991); Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir. 1986).
 
 
 5
 In revoking petitioner's parole, the Commission was entitled to rely upon the detailed police report describing petitioner's attempt to sell the officers heroin and his possession of a loaded revolver. The Commission could properly rely upon the police report, notwithstanding an objection to hearsay. See, e.g., Egerstaffer v. Israel, 726 F.2d 1231 (7th Cir. 1984). It is not relevant whether criminal charges were ever made or a conviction obtained for this conduct. See, e.g., Thompson v. Duke, 882 F.2d at 1186-87; Mullen v. United States Parole Commission, 756 F.2d 74 (8th Cir. 1985); Whitehead v. United States Parole Commission, 775 F.2d 1536 (11th Cir. 1984). Finally, the Commission is not required to investigate the parole violator's claims of innocence. Petitioner was notified of the Commission's issuance of a supplemental warrant application which detailed the November 1993 arrest, and the probation officer noted that petitioner admitted committing the charges described in the police report. The Commission could properly find that petitioner's denial did not overcome the information provided in the police report.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 7
 ---------------
 
 
 
 1 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "statement as to need of oral argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.