103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CHOW, Defendant-Appellant.
 No. 96-55084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David Chow appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Chow contends that the district court erred when it determined that he could not challenge the validity of a prior state conviction in either a coram nobis petition or a 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. §§ 1291, 2255, and affirm.
 
 
 3
 We review de novo questions of the district court's jurisdiction. See United States v. Matta-Ballesteros, 71 F.3d 754, 762 (9th Cir.1995).
 
 
 4
 Federal courts lack subject matter jurisdiction over challenges to state convictions where the sentence is completely expired. See Maleng v. Cook, 490 U.S. 488, 492 (1989); Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994). Thus, Chow's "coram nobis" petition challenging his expired state sentence fails.
 
 
 5
 "[T]here is no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the Gideon right to counsel." Clawson v. United States, 52 F.3d 806, 809 (9th Cir.) (relying on Custis v. United States, 114 S.Ct. 1732, 1739-41 (1994)), cert. denied, 116 S.Ct. 254 (1995); see United States v. Ricardo, 78 F.3d 1411, 1413-18 (9th Cir.1996) (applying Custis to post-sentencing Fed.R.Crim.P. 35 motion). Therefore, a defendant may not challenge, in a § 2255 motion, a prior state conviction used to enhance a federal sentence. See id. at 807-09. But cf. Brock, 31 F.3d at 890 (Custis does not bar collateral attacks on prior convictions used to enhance state sentence).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3