Alejandro BERNAL, Petitioner,

v.

Warden David HELMAN, F.C.I. Pekin,
Illinois and Illinois Attorney General
James E. Ryan, Respondents.

Nos. 96 C 5156, 96 C 5157, 96
C 5158 and 96 C 5159.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 25, 1997.

Alejandro Bernal, Pekin, IL, pro se.

Arleen C. Anderson, Atty. General's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GRADY, Senior District Judge.

Petitioner Alejandro Bernal is a prisoner in federal custody, having been sentenced on October 1, 1993 to a term of fifteen years' imprisonment for violating 18 U.S.C. § 922(g), prohibiting a convicted felon from knowingly possessing a firearm. *United States v. Bernal,* No. 92 CR 568 (N.D.Ill.). His conviction and sentence were affirmed on appeal. *United States v. Bernal,* 28 F.3d 630 (7th Cir.1994). Bernal was sentenced under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(1), which requires a fifteen-year minimum prison term for a convicted firearms possessor who "has three previous convictions . . . for a violent felony or a serious drug offense." A "violent felony" is any crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 924(e)(2)(B). Because Bernal had four prior burglary convictions entered in 1978 and 1980, he received the fifteen-year minimum enhanced sentence.

Bernal has filed four petitions for habeas corpus under 28 U.S.C. § 2254 attacking the burglary convictions. A "Motion for Court Order and/or Subpoena" accompanied each petition, seeking evidentiary material in support of his claims. All of the challenged convictions were entered by the Circuit Court of Cook County, Illinois, following either a guilty plea or a bench trial, and none was appealed. With respect to each conviction Bernal filed a petition under the Illinois Post–Conviction Act, 725 ILCS 5/122–1, formerly Ill.Rev.Stat. Ch. 38 ¶ 122–1. He alleges that he did not learn that his prior convictions were constitutionally infirm until they were used to enhance his federal sentence. Each of his petitions was dismissed as time-barred, and he did not appeal the denial. While the Post–Conviction Act provides an exception for untimely petitions if the petitioner "alleges facts showing that the delay was not due to his culpable negligence," *id.,* Bernal's petitions suggest no such grounds. Bernal has therefore exhausted his state law remedies.

Case No. 96 C 5156 addresses a conviction entered August 7, 1980 in No. 79–7720, resulting in a sentence of three years' imprisonment. He alleges that the conviction, entered after a stipulated bench trial he contends was equivalent to a guilty plea, was unconstitutional because his counsel did not inform him (a) that he had a right to plead not guilty and go to trial; (b) that conviction would make him deportable; and (c) that a mandatory term of supervised release would follow his incarceration.

Case No. 96 C 5157 addresses a conviction entered September 28, 1978 in Nos. 78–17540 and 78–17541, resulting in a sentence of restitution and four years' probation. Bernal alleges that the conviction, entered upon a negotiated guilty plea, was unconstitutional because (a) he was not informed of his right to plead not guilty and go to trial; (b) he was not informed that conviction would make him deportable; (c) he was promised drug rehabilitation if he pled guilty, which he did not receive; (d) he was not informed that he would have to pay restitution; (e) he had limited fluency in English; (f) he was under the influence of methadone and heroin; (g) his counsel did not inform the court of (e) and (f), and waived presentence investigation

without explaining this to him; and (h) he never actually pleaded guilty at his hearing.

Case No. 96 C 5158 addresses a conviction entered August 7, 1980 in No. 80–200325 following a guilty plea and resulting in a sentence of three years' imprisonment, to run concurrently with the sentence in No. 79–7720. He alleges that the conviction was unconstitutional because he was not informed that there would be a period of supervised release following his incarceration and counsel erroneously informed him that conviction would not lead to his deportation.

Case No. 96 C 5159 addresses a conviction entered July 14, 1980 in No. 80–2864 after a stipulated bench trial resulting in a sentence of three years' imprisonment. Bernal alleges essentially the same constitutional violations as in 96 C 5158.

## I. JURISDICTION

■ The first problem posed by Bernal's petitions is the court's jurisdiction to consider them.[1] If Bernal's petitions are brought under 28 U.S.C. § 2254, as he asserts, this court does not have jurisdiction. The federal habeas corpus statute provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It appears from the petitions that Bernal has completely served the sentences imposed by all of the challenged convictions. He is not, therefore, in custody pursuant to the judgment of a state court, but only the judgment of this court. The Supreme Court established in *Maleng v. Cook,* 490 U.S. 488, 492–93, 109 S.Ct. 1923, 1926–27, 104 L.Ed.2d 540 (1989), that the fact that a conviction whose sentence has already been served has been used to enhance a sentence that the petitioner is currently serving does not satisfy the custody requirement as to the prior

conviction. However, the Court's opinion concluded by stating that "Our holding is limited to the narrow issue of 'custody' for subject-matter jurisdiction of the habeas court. We express no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the [later] sentences which it was used to enhance. See 28 U.S.C. § 2254 Rule 9(a)." *Maleng,* 490 U.S. at 494, 109 S.Ct. at 1927.

Although the question, was reserved in *Maleng* and again in *Parke v. Raley,* 506 U.S. 20, 28, 113 S.Ct. 517, 522–23, 121 L.Ed.2d 391 (1992), some Courts of Appeals, including the Seventh Circuit, have held that federal courts do have jurisdiction to hear challenges to earlier convictions used to enhance a conviction the prisoner is currently serving or is yet to serve, but only in the context of a challenge to the later conviction in which the "in custody" requirement is met. See *Young v. Vaughn,* 83 F.3d 72, 75–76 (3rd Cir.1996)(citing cases from other circuits); *Tredway v. Farley,* 35 F.3d 288, 292 (7th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995); *Smith v. Farley,* 25 F.3d 1363, 1365–66 (7th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 908, 130 L.Ed.2d 791 (1995).

However, because Bernal is in custody only as a result of his federal conviction, the court does not have power to entertain the petitions under § 2254. Congress has provided a procedure for federal prisoners challenging the legality of their confinement: a motion brought before the sentencing court to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Bernal could be ordered to refile these four habeas petitions as a single § 2255 motion.[2] Nevertheless, as the matter is properly before me as the sentencing judge, in the interest of time and economy the four petitions are consolidated into one action pursuant to Rule 42, Fed. R.Civ.P., and will be reviewed pursuant to Rule 4 of the Rules Governing Section 2255

---

1. Strictly speaking, it is a question of power rather than jurisdiction. The court has subject matter jurisdiction under 28 U.S.C. § 1331 because Bernal's petition arguably arises under the Constitution and laws of the United States. But subject matter jurisdiction does not necessarily empower the court to grant relief.

2. Section 2255 provides that the court need not consider more than one motion attacking the same sentence.

Proceedings For The United States District Courts as if they had been brought as a single § 2255 motion.

## II. DERIVATIVE COLLATERAL REVIEW UNDER § 2254

The question then arises whether this court has the same power under § 2255 that it would have had if Bernal were serving a state rather than a federal sentence and had brought his challenge under § 2254. It will be necessary to review the Seventh Circuit's decisions under § 2254 and the differences between § 2254 and § 2255.

■ There are at least three principal issues raised when a federal court proposes to reexamine a state court conviction when the sentence imposed pursuant to that conviction has expired and the prisoner is in custody only with respect to a later sentence that has been enhanced on the basis of the prior conviction. The first is whether such derivative collateral review is available at all. The second is its scope—should the court consider any claim that, if it had been presented on "direct" habeas review, would warrant invalidating the prior conviction or sentence? The third question is what effect should be given procedural defaults. If a petitioner such as Bernal does not timely avail himself of available state remedies to attack his prior conviction, he is normally prevented from challenging them in a habeas action. If he delays in perfecting an appeal or filing a post-conviction petition until after the prescribed time has passed, he has waived his opportunity to present his claim to the state courts and so forfeited his right to federal habeas review. If he proceeds anyway and the state court rejects his filing as untimely, that counts as an adequate and independent state ground of decision preventing the federal court from reaching the merits of his habeas petition. *Barksdale v. Lane,* 957 F.2d 379, 382–83 (7th Cir.1992), cert. denied, 506 U.S. 890, 113 S.Ct. 257, 121 L.Ed.2d 189 (1992); *Chatman v. Page,* 868 F.Supp. 1036 (N.D.Ill.1994) (Shadur, J.).

■ While such procedural defaults may be excused by a showing of cause and prejudice, Bernal only alleges that he was ignorant of the unconstitutionality of his convic-

tions until they were used to enhance his federal sentence some twelve years later. This is not an acceptable excuse, and Bernal's petition can be considered only if the use of his prior convictions to enhance his federal conviction gives rise to a new opportunity to challenge them.

The question whether derivative collateral attacks may be considered was answered in the affirmative in *Lowery v. Young,* 887 F.2d 1309 (7th Cir.1989), cert. denied, 506 U.S. 834, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992). *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991) (*"Crank I"*), following *Lowery,* permitted a habeas petitioner to challenge a burglary conviction that had been used to enhance a later sentence for battery under an Indiana recidivist statute. Crank, imprisoned in Indiana, alleged that his earlier conviction was invalid because his counsel had failed to perfect an appeal. After the district court dismissed his habeas petition, the Court of Appeals reversed because he had shown a "positive and demonstrable nexus" between his custody and the prior conviction. *Crank I,* 905 F.2d at 1091.

After the district court on remand granted a writ of habeas corpus, the state of Indiana appealed, arguing that Crank's lack of diligence in attempting to correct his counsel's neglect was an independent ground for denying the writ. Crank had neglected to do anything about his unappealed conviction until twelve years after the conviction and five years after it had been used to enhance his later sentence. Because of Crank's lack of diligence, the Indiana courts had refused to permit Crank to file a belated motion to correct errors. His initial failure to appeal was excused by his counsel's ineffective assistance, but his personal failure to seek relief for twelve years thereafter was not.

In *Crank v. Duckworth,* 969 F.2d 363, 364 (7th Cir.1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993) (*"Crank II"*), the Seventh Circuit agreed that under *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), where a state court declines to address a prisoner's

constitutional claims because the prisoner failed to satisfy an independent state procedural rule, they are subject to federal habeas review only if the petitioner can show cause for and prejudice from the default, or that failure to review the claims would cause a miscarriage of justice. *Crank II,* 969 F.2d at 364. The court recognized that Crank had only served a year under his prior conviction and "probably didn't care one way or another how his appeal came out"; his conviction became important only when it served as the basis for his enhanced sentence later. Nevertheless, "though we may understand his lack of diligence, we cannot use it as cause to forgive his default." *Id.* at 366.

Judge Flaum, concurring, agreed that Crank's dilatoriness barred relief, but focused on Crank's delay *after* he knew that the prior conviction had enhanced his sentence. Judge Flaum was concerned that the right to pursue a derivative collateral challenge would be meaningless in many cases, because the incentive to challenge the prior conviction might only arise years later. "*Crank I,* it would appear, merely opens one door to lead to another, closed one." *Id.* at 368. If procedural default through delay barred derivative collateral attacks in the same way it barred ordinary habeas relief, most such petitions would be barred.

In opposition to Judge Flaum's concern that it is potentially unfair for the state, years later, to use an expired conviction as grounds to greatly enhance a sentence after the opportunity to challenge it had passed, Judge Easterbrook, concurring in *Cuppett v. Duckworth,* 8 F.3d 1132, 1144-48 (7th Cir. 1993), cert. denied, 510 U.S. 1180, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994), argued that there were good reasons why derivative collateral challenges should not be entertained. Pointing to the Supreme Court's recent habeas decisions stressing the value of finality over the possibility that repeated review might correct constitutional errors, he noted that there was no constitutional requirement that derivative collateral review be allowed. Since conduct of which the defendant was never convicted may constitutionally be considered in a sentencing decision, it is incongruous to hold that a conviction tainted by constitutional error may not. Defendants have adequate incentive to challenge their convictions on direct appeal or collaterally while serving their sentences, he argued, and it ensures that they first go to the courts of the jurisdiction rendering the conviction that are better able to·rule on their claims.

Judge Flaum responded in his opinion for the court in *Smith v. Farley, supra.* Smith had been convicted in 1974 of burglary following a guilty plea he later contended was not knowingly, intelligently and voluntarily made. In 1988 that conviction added thirty years to his sentence for robbery. Smith then filed a post-conviction petition in Indiana state court, raising his claim that the 1974 conviction was unconstitutional, but the Indiana courts denied relief on the merits after granting Smith an evidentiary hearing on his claim. Smith then filed a federal habeas petition, which was denied on the merits, and he appealed.

The court first addressed the state's contention that the court did not have jurisdiction to hear a petition for derivative collateral review. After citing *Crank,* the court responded to the state's suggestion that the Seventh Circuit's decision in *United States v. Mitchell,* 18 F.3d 1355 (7th Cir.1994), cert. denied, 513 U.S. 1045, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994), had implicitly endorsed Judge Easterbrook's position in *Cuppett. Mitchell* had held that a defendant does not have the right to challenge the constitutionality of an enhancing prior conviction at a federal sentencing hearing unless the prior conviction is presumptively void. While it encouraged defendants to challenge their convictions directly, it "did not purport to require a prisoner to avail himself of those opportunities or forever lose them." *Smith,* 25 F.3d at 1366 n. 6. "The fact that a forum, other than a sentencing hearing, existed for the defendant in *Mitchell* to raise his fact-intensive challenge to the validity of a prior state conviction is fundamental to our decision." *Id.* at 1367. The court went on to state:

> We believe that such review [of enhancing state convictions] should generally be available unless, a defendant has already *exercised* any earlier opportunity for a full

and fair state collateral review, or review would be inconsistent with existing doctrines determining the circumstances under which such collateral review is available. Because such a challenge is against the new use of a prior conviction—i.e. a challenge to the state's enhancement procedures—a defendant's failure to use an initial opportunity to obtain review of a state conviction ... should not bar him from obtaining later indirect review of the conviction now being used in a wholly new manner.... Unless a defendant has already used his initial collateral review for his prior conviction, we believe that he ought to have a later opportunity to obtain such a review, in at least some forum, of the state court's use of the prior conviction to enhance a sentence for a new crime.... [I]f a defendant does not have access to a fair procedure in a state court affording him a review, on the merits, of the constitutionality of a prior conviction after it has been incorporated into a new, enhanced sentence, a federal court may properly grant him such review.

*Smith,* 25 F.3d at 1367–68 (footnotes omitted). The court affirmed the district court's denial of the petition, but held that the district court should not have reached the merits. Because Smith had had a full and fair opportunity to challenge the constitutionality of his prior conviction after it had been used to enhance the later one, under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and its progeny, Smith was not entitled to an independent federal review of his claims.

*Tredway v. Farley,* 35 F.3d 288 (7th Cir. 1994), followed *Smith and Crank II,* holding that where the petitioner had an avenue available to him for collateral review of a prior enhancing conviction at the time he received his enhanced sentence but delayed in pursuing it, the state's denial of review based on that delay constituted an independent state ground precluding habeas review. The court clarified that *Smith* required only that the petitioner have an available forum to challenge the prior conviction, either at sentencing or within a reasonable time thereafter. If the petitioner failed to avail himself

of the opportunity, he would lose any right to federal habeas review of the prior conviction.

## III. SHOULD DERIVATIVE COLLATERAL REVIEW BE PERMITTED UNDER § 2255?

■ *Smith* and *Tredway* state the law in this circuit with respect to derivative collateral petitions under 28 U.S.C. § 2254. The Seventh Circuit has not ruled in a published opinion on the availability of derivative collateral review under § 2255. If the rationale of *Smith* and *Tredway* also applies to § 2255, Bernal is entitled to consideration of his claims, since he had no state remedy available at the time he received his enhanced sentence, and could not challenge the enhancing convictions at sentencing or on direct appeal from his federal conviction. However, there are good reasons not to permit derivative collateral review under § 2255—except with respect to prior convictions that are void because the defendant was denied the right to counsel, something not alleged by any of Bernal's petitions.

First, *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), decided just after *Smith,* strongly suggests that derivative collateral review is limited to cases where the enhancing conviction is void because the defendant was denied the right to counsel. *Custis* held that a defendant has only a very limited right to challenge the validity of previous convictions used to enhance the sentence under the ACCA. *Custis* only addressed collateral challenges in the context of the sentencing itself, but because the Court adduced both constitutional as well as statutory grounds the opinion is nonetheless relevant.

Custis, convicted of possession of a firearm and cocaine possession in federal court, challenged the use of two prior convictions for sentence enhancement, raising claims similar to those Bernal raises here. Custis claimed that in one case his lawyer had rendered unconstitutionally ineffective assistance so that his guilty plea was not knowing and intelligent as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He challenged the other conviction on the ground that it had been

based upon a "stipulated facts" trial and was fundamentally unfair because he had not been adequately advised of his rights.

The district court first reviewed the merits of Custis's contentions, but then concluded it could not consider his collateral challenges to his prior convictions. The district court noted that there were no statutory provisions permitting such collateral challenges, and that the Constitution bars the use of a prior conviction for sentence enhancement only when there has been a complete denial of counsel in the prior proceeding. As Custis had been represented by counsel, albeit ineffectively, he could not challenge the prior convictions at sentencing. The Court of Appeals affirmed the district court, and the Supreme Court then affirmed the Court of Appeals.

After agreeing that § 924(e) of the ACCA does not provide for collateral attacks on prior convictions used for sentence enhancement, the Court asked whether the Constitution itself required that they be allowed. The Court held that since the failure to provide counsel in violation of the Sixth Amendment is a jurisdictional bar to conviction, a prior conviction where the defendant had been denied counsel may not be used to enhance a sentence for a subsequent offense. *Custis,* 511 U.S. at 493–96, 114 S.Ct. at 1737–38. The Court followed *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), which had held that a conviction obtained in violation of a defendant's right to counsel as established in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), could not be used for sentence enhancement. However, the Court in *Custis* made it clear that this holding did not extend to convictions tainted by other constitutional flaws. The Court emphasized that collateral review of a prior conviction for failure to appoint counsel, as opposed to other collateral attacks to a prior conviction, is allowed because failing to appoint counsel for an indigent defendant is a unique constitutional defect:

> Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.

*Id.* at 496, 114 S.Ct. at 1738 (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

The court held that Custis's federal sentencing on the basis of the challenged prior convictions did not violate the Constitution because none of the challenged convictions suffered from this fundamental defect. The Court concluded:

> We therefore hold that § 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions. Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process. We recognize, however, as did the Court of Appeals, see 988 F.2d, at 1363, that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. See *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.

On the face of the opinion, the Court held only that a defendant may not, at his sentencing under the ACCA, raise collateral attacks on prior convictions used to enhance a federal sentence, except where he has been denied counsel. But the Court's opinion unavoidably implies the affirmative proposition that the use of prior convictions tainted by flaws other than a *Gideon* violation is constitutional at the time it is done. It would make no sense to say that a federal court— and by implication, a state court *does* violate the defendant's constitutional rights by using a defective conviction to enhance his sentence, but the defendant may only seek relief

from this violation in a collateral proceeding to be commenced only after the sentence has been imposed and in which he has no right to counsel. A post-deprivation remedy for a constitutional violation is normally inadequate where liberty is at stake. The reasonable implication of *Custis* is that although the taint on the enhancing conviction is not excused, it is not fundamentally unfair to presume the prior conviction valid and put the burden on the defendant to have it expunged, *see Parke*, 506 U.S. at 29–32, 113 S.Ct. at 523–525, and if it has not been expunged at the time of the subsequent sentencing it is not fundamentally unfair—or unconstitutional—to count it against the defendant. *See Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (State felony conviction vulnerable to collateral attack could serve as predicate offense under federal statute forbidding the possession of a firearm by a felon).[3]

If this reading of *Custis* is correct, and there is no constitutional flaw in a federal sentence based upon enhancing state convictions tainted by lesser flaws than a *Gideon* violation, the power of a federal court to reexamine such prior convictions under either § 2254 or § 2255 is doubtful. *Custis's* reservation that the petitioner might be able to challenge his enhancing convictions in state court or by means of "federal habeas review," when read closely, does not support derivative collateral review. The Court stated that Custis was "in custody for purposes of his state convictions at the time of his federal sentencing." "At the time of his federal sentencing" Custis was not in custody pursuant to a federal sentence enhanced by the state convictions, so if he was in custody "for purposes of" his state convictions, the sentences imposed by those convictions must not have expired. The Court was therefore not referring to *derivative* review at all.[4]

*Smith* was decided before *Custis*. *Tredway* was decided a few months after *Custis*, but although the Seventh Circuit cited *Custis*, it did not consider its implications. This was the court's sole reference to *Custis*:

> Moreover, in [*Custis*] the Court held that a defendant "in custody" for prior state convictions under the [ACCA] could attack his state sentences through federal habeas review and, if successful, "apply for reopening of any federal sentence enhanced by the state sentences." This holding is fully consistent with *Smith's* requirement that a prisoner receive a fill and fair opportunity to litigate his federal claims after enhancement.

35 F.3d at 294. Clearly the referenced language in *Custis* was not a holding. At best the *Tredway* opinion gives a wishful reading of an ambiguous dictum. *Custis* did not decide, in passing, the question left undecided in *Maleng*: whether a petitioner no longer in custody under a prior conviction could

---

**3.** Justice Souter's dissent in *Custis* picked up this implication, noting that *Burgett* and *Tucker* had been "thought to stand for the broader proposition that [n]o consideration can be given [at sentencing] to a conviction that was unconstitutionally obtained.'" *Custis*, 511 U.S. at 500, 114 S.Ct. at 1740 (Souter, J. dissenting) (quoting 3 C. Wright, Federal Practice and Procedure § 526, p. 102 (1982)). Contending that "the language and logic of Burgett and Tucker are hard to limit to claimed violations of the right ... to have a lawyer appointed if necessary," 511 U.S. at 505, 114 S.Ct. at 1743, the dissent questioned whether a principled distinction could be made between the denial of counsel and other constitutional infirmities, particularly ineffective assistance of counsel. *Id.* at 507–10, 114 S.Ct. at 1744–45.

**4.** The Court cited the opinion of the Fourth Circuit below, 988 F.2d 1355, 1363 (4th Cir.1992), as acknowledging that "Custis, who was still 'in custody' for purposes of his state convictions at the time of his federal sentencing ... may attack his state sentences in Maryland or through federal habeas review." The Fourth Circuit's opinion stated only that if Custis were successful in a state or federal collateral proceeding, he could seek to have his federal sentence modified. It does not state whether either remedy was actually available to him, either at the time his appeal was decided or at the time his initial § 2255 motion was filed. The district court opinion, *United States v. Custis*, 786 F.Supp. 533 (D.Md. 1992) is also uninformative. After the Supreme Court's decision affirming his sentence, Custis brought a § 2255 motion challenging his prior convictions. It was denied because he had not exhausted available state remedies. *United States v. Custis*, 923 F.Supp. 768 (D.Md.1996).

Even if the Supreme Court's dictum in *Custis* does support derivative collateral review under § 2254, a § 2255 motion is not "habeas review," in that the district court is considering the case of a person held pursuant to its *own* sentence, not that of another court.

nevertheless attack the prior conviction because it contributed to his present sentence.

In an unpublished and non-precedential opinion, the Seventh Circuit denied derivative collateral review under § 2255, citing *Custis. Hankins v. United States*, No. 93–3750, 54 F.3d 779 (table), 1995 WL 302409 (7th Cir.1995). It is also noteworthy that in affirming a federal conviction where the defendant had not been permitted to challenge default judgments used to enhance his sentence, the Seventh Circuit, in a recent opinion by Judge Flaum, discussed at length the appellant's collateral remedies in Wisconsin courts but did not mention the possibility of federal collateral review under § 2255. *United States v. Jiles*, 102 F.3d 278 (7th Cir.1996).

Other circuits appear to have concluded that *Custis* limits derivative collateral attacks to cases where the prior conviction is flawed as a consequence of denial of the right to counsel. In *Clawson v. United States*, 52 F.3d 806 (9th Cir.1995), the Ninth Circuit considered a § 2255 motion challenging a federal sentence based on a state conviction that had not become final. Following *Custis*, the court held that the petitioner could not challenge the prior conviction at his sentencing on any grounds except denial of counsel. Because his state-court conviction was on appeal, it appears the petitioner was not asking the court to review it, but was only challenging its being factored into his sentencing while the appeal was pending. Nevertheless, the court made the broad pronouncement that "there is no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the Gideon right to counsel." *Clawson*, 52 F.3d at 809. In an unpublished and non-precedential opinion, a Ninth Circuit panel, citing that statement, held that "a defendant may not challenge, in a § 2255 motion, a prior state conviction used to enhance a federal sentence." *United States v. Chow*, 1996 WL 717089 (9th Cir. 1996).

The Ninth Circuit earlier held, in *Brock v. Weston*, 31 F.3d 887, 890–91 (9th Cir.1994), that *Custis* did not overrule existing precedent making derivative collateral review

available under § 2254. Like the Seventh Circuit in *Tredway*, the court read *Custis* narrowly as only barring collateral review at sentencing, without acknowledging the ambiguity of its pronouncement. The court in *Brock* noted that Justice Souter had stated in his dissent in *Custis* that "the Court does not disturb uniform appellate case law holding that an individual serving an enhanced sentence may invoke federal habeas to reduce the sentence to the extent it was lengthened by a prior unconstitutional conviction." *Custis*, 511 U.S. at 512, 114 S.Ct. at 1746 (Souter, J., dissenting). While this is literally true, the question was not presented in *Custis*. While *Custis* does not overrule *Smith* and *Tredway*, either, it supports not extending their rationale to § 2255.

The Eighth Circuit in *Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir.1994), cited *Custis* for the proposition that "there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant." It then held that the petitioner, who had not been permitted in state court to challenge the constitutionality of his guilty plea in a prior conviction, could not raise the issue in a federal habeas proceeding either. The Eighth Circuit subsequently concluded that a federal prisoner is similarly limited in challenging a prior enhancing conviction under § 2255. *Charlton v. Morris*, 53 F.3d 929 (8th Cir.1995).

While this court is constrained to follow Seventh Circuit precedent, *Custis* militates against extending *Smith* and *Tredway* to § 2255 proceedings. The court also notes that *Smith* and *Tredway* were recently criticized in *Moore v. Roberts*, 83 F.3d 699, 702–03 (5th Cir.1996), rhg. en banc denied, 95 F.3d 56 (1996), on the additional grounds that the Seventh Circuit's approach does not adequately respect the principle of finality, and that the Seventh Circuit had ignored the concerns of comity and federalism underlying the adequate and independent state ground doctrine as articulated in *Coleman. Moore*, 83 F.3d at 702.

Differences between § 2254 and § 2255 also militate against extending the right of

**358**

derivative collateral attack to the latter. It is true that while a federal court can grant relief under § 2254 only if the petitioner is being held in violation of the Constitution or laws of the United States, a court is authorized by § 2255 to hear a motion "claiming the right to be released upon the ground that ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Even if a sentence imposed on the basis of a constitutionally defective conviction does not, absent a *Gideon* violation, violate the Constitution and laws of the United States, this catchall provision arguably permits the court to grant relief. But while there is no difficulty in reading this as permitting the court to revise the sentence of a movant who can show that a prior enhancing conviction has already been vacated or invalidated, see *Burgett, supra; United States v. Pettiford*, 101 F.3d 199 (1st Cir. 1996), it is dubious that it authorizes a forum for a petitioner to attack a prior conviction in the first instance. Neither § 2255 nor the Rules Governing Section 2255 Proceedings provide for joining a state attorney general as a party. Without doing so it is unclear how the court could obtain the state-court record, a prerequisite for the disposition of most constitutional claims.[5] While the court presumably has the power to join a state attorney general—although in the case of an expired sentence it is unclear whether the state rendering the enhancing conviction would have sufficient interest in the outcome to meet the "case or controversy" requirement—the absence of such a provision is persuasive that Congress never intended to grant federal courts this power under § 2255.

## IV. THE EFFECT OF THE 1996 AMENDMENTS TO § 2254

■ Even if derivative collateral review of convictions with non-jurisdictional defects were permitted in principle, the question of Congressional intent brings us to a further problem. In 1996 Congress passed the Anti-

terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, curtailing the scope and availability of federal habeas corpus. Bernal's petition was filed after the enactment of these amendments. Bernal contends that the amendments to § 2254 are unconstitutional as applied to convictions predating the effective date of the amendments. This argument is precluded by *Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996). If these amendments apply to collateral challenges under § 2255, they bar Bernal's petitions.

The court believes they apply. *Smith* assumed that the restrictions and limitations generally applicable to habeas review would apply to derivative collateral attacks, see *Smith*, 25 F.3d at 1367 n. 8, with, of course, the exception that the petitioner must have an opportunity to seek a full and fair review of his claims after receiving the enhanced sentence. Assuming that the rationale of *Smith* and *Tredway* should apply to § 2255 cases, it is reasonable to assume that limitations applicable to habeas review generally are applicable. There is precedent for applying the requirements of habeas review, notably exhaustion, to § 2255 cases. See, e.g., *U.S. v. Gaylor*, 828 F.2d 253, 254–55 (4th Cir.1987); *United States v. Custis*, 923 F.Supp. 768 (D.Md.1996). *Crovedi v. U.S.*, 517 F.2d 541 (7th Cir.1975), is to the contrary, but was decided before *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), emphasized exhaustion as a matter of federalism and comity in § 2254 cases.

■ The limitations introduced by the Act would bar Bernal's petitions. Assuming that the constitutional errors Bernal asserts would, if proven, invalidate his conviction, Bernal could not show that he is entitled to a writ of habeas corpus without an evidentiary hearing, as his claims that he was uninformed or misinformed by his attorney before pleading guilty would not appear on the state-court record.[6] The 1996 amendments to § 2254 provide that—

---

5. Bernal here named the Attorney General of Illinois as a defendant because he conceived of his petitions as being brought under § 2254.

6. Bernal's contention in No. 96 C 5157 that he never actually pleaded guilty at his plea hearing could be substantiated by the record without an evidentiary hearing. The transcript of the hearing attached to his petition does not substantiate

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Bernal knew or should have known the supposed "factual predicates" of his claims in time to have brought a post-conviction petition in Illinois state court. Even assuming that the rule of *Smith* and *Tredway* overrides this subsequent Congressional directive and guarantees him an opportunity to challenge his convictions after they are used to enhance his federal sentence, § 2254(e)(2)(B) would still bar his claims. Congress clearly intended for a petitioner to receive an evidentiary hearing only when the alleged defect had resulted in the conviction of an innocent person. Bernal does not suggest that he is innocent of the offenses of which he was convicted.

## V. CONCLUSION

These four habeas petitions are consolidated and treated as a single motion brought pursuant to 28 U.S.C. § 2255 to amend or vacate the sentence in *United States v. Bernal,* No. 92 CR 568. Because neither § 2255 nor the Constitution nor controlling precedent requires the court to consider Bernal's derivative collateral attacks on his state court

convictions, the court declines to do so. As it plainly appears from the face of the petition that Bernal is not entitled to relief, the consolidated petition is summarily dismissed under Rule 4(b) of the Rules Governing Section 2255 Proceedings For The United States District Courts. The Motion for Court Order and/or Subpoena in each case is denied as moot. This Memorandum Opinion and Order constitutes the judgment of the court in these consolidated cases, and if Bernal chooses to appeal, he need file only a single notice of appeal from this judgment.

---

it. Although he did not say the words, "I plead guilty," when Judge Reynolds asked "You're pleading guilty because you are guilty, is that correct, Mr. Bernal?" Bernal answered, "Yes." Tr. at 5. It is clear that Bernal knew what he was doing. He was also told that in pleading guilty he waived his right to trial. Tr. at 8. Bernal

objects that the transcript shows that if the colloquy at p. 5 is taken as a guilty plea, he pled guilty before being informed of his rights. Bernal made no effort, however, at the hearing (or, as far as it appears, thereafter) to withdraw his plea after supposedly learning of his rights a minute or two later.