**UNITED STATES of America, Plaintiff,**

v.

**James Clive CLARK, Jr., Defendant.**

No. CIV. A. H–97–1409.
No. CR. H–91–103.

United States District Court,
S.D. Texas,
Houston Division.

March 11, 1998.

---

United States of America, Asst U.S. Atty., Paula C. Offenhauser, U.S. Attorneys Office, Houston, TX, for United States.

James Clive Clark, Jr, Memphis, TN, for James Clive Clark, Jr.

## MEMORANDUM OPINION

LAKE, District Judge.

Defendant James Clive Clark, Jr. was convicted on his plea of guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1).[1] Defendant had three prior convictions in Tarrant County, Texas, for delivery of a controlled substance (LSD). The Tarrant County offenses occurred in January and February of 1982 and, as to each conviction, defendant was represented by counsel. Because defendant had three prior convictions for serious drug offenses, the court sentenced defendant to the mandatory minimum term of fifteen years in prison pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (the "ACCA"). The United States Court of Appeals for the Fifth Circuit determined that defendant raised no issues of arguable merit and dismissed his appeal.

Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 23, 1997. Defendant argues (1) that his federal sentence was improperly enhanced because the underlying state court convictions were based on legally insufficient evidence, and (2) that 18 U.S.C. § 922(g) is an unconstitutional violation of the Commerce Clause, citing *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The United States has moved to dismiss defendant's motion, arguing (1) that defendant's § 2255 motion is untimely; (2) that the attempted collateral attack on the underlying state convictions is precluded by the Supreme Court's decision in

*Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); and (3) that the felon-in-possession statute is constitutional. Based on a careful review of the record and the law, the court concludes that the motion to dismiss of the United States should be granted.

Two issues presented in this case are governed by Fifth Circuit precedent. The Fifth Circuit very recently held that defendants are entitled to a reasonable time under the Anti-terrorism and Effective Death Penalty Act ("AEDPA") amendments in which to file § 2255 motions, and that a reasonable time is presumptively one year from April 24, 1996, the effective date of the AEDPA. *United States v. Flores*, 135 F.3d 1000, (5th Cir. 1998). Accordingly, defendant's § 2255 motion, filed April 23, 1997, is timely. The Fifth Circuit has repeatedly rejected challenges to the constitutionality of § 922(g), holding that § 922(g) contains an adequate nexus with interstate commerce and is not an unconstitutional violation of the Commerce Clause. *United States v. Dickey*, 102 F.3d 157, 163 (5th Cir.1996); *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 716, 136 L.Ed.2d 635 (1997); *United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir.1996). These holdings defeat defendant's argument that § 922(g) is unconstitutional.

Defendant's primary argument is that the underlying state convictions used to enhance his federal sentence were constitutionally invalid because they were not based on legally sufficient evidence. Citing *Custis*, the United States argues that defendant is not entitled to attack the underlying convictions in this § 2255 action.

Although the court has not found any direct Fifth Circuit authority addressing the applicability of *Custis* to § 2255 collateral attacks on underlying state court convictions used to enhance federal sentences, the court

---

1. The court, viewing a potential 15–year mandatory minimum sentence as particularly harsh in this case, initially permitted defendant to withdraw his guilty plea. The court then appointed two of the premier criminal defense attorneys in this district, George McCall Secrest and Marjorie Meyers, to represent defendant. On July 16, 1992, defendant again entered a plea of guilty to the one-count indictment.

is aware of two reported [2] appellate decisions that address this issue. In *Arnold v. United States*, 63 F.3d 708, 709 (8th Cir.1995), the court, citing *Custis*, affirmed the district court's denial of the defendant's § 2255 motion, stating summarily: "Nor can Arnold collaterally attack the validity of his 1976 robbery conviction, which was entered with the benefit of counsel, in this proceeding." In *Charlton v. Morris*, 53 F.3d 929 (8th Cir.), *cert. denied*, 516 U.S. 926, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995), the court affirmed the dismissal of a federal inmate's § 2254 petition because he was no longer "in custody" for purposes of the state conviction. The court also held that "[e]ven if Charlton's petition were construed as a 28 U.S.C. § 2255 motion attacking his current federal sentence, as enhanced by his state conviction, we note that he may not use such a motion to challenge his prior expired state conviction on the grounds alleged." *Id.* at 929–30 (citations omitted).

In *Custis* a federal defendant convicted of violating 18 U.S.C. § 922(g)(1) by possessing a firearm after a prior felony conviction sought to avoid the enhanced penalty provisions of 18 U.S.C. § 924(e)(1) by challenging at his federal sentencing hearing the constitutionality of one of his prior Maryland state felony convictions. The district court held that it had no authority to hear Custis's challenge to his state conviction, and the Court of Appeals and the Supreme Court affirmed the district court's ruling. The Supreme Court held that the ACCA, which "focuses on the *fact* of the conviction," provides neither a direct nor an implied statutory right to challenge the underlying convictions. *Custis*, at 491, 114 S.Ct. at 1736. The Court also held that there is no constitutional right to challenge prior convictions used to enhance sentences, except where the underlying conviction was obtained in violation of the Sixth Amendment right to counsel. *Id.* at 494–96, 114 S.Ct. at 1738.

Although the specific issue before the Supreme Court was whether the collateral attack could be raised at sentencing, the Court's analysis focused on collateral challenges in general. For example, the Court concluded that " § 924(e) lacks any indication that Congress intended to permit collateral attacks on prior convictions used for sentence enhancement purposes." *Id.* at 493, 114 S.Ct. at 1737. In responding to another of Custis's arguments the Court used equally broad language: "Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon.* We decline to do so." *Id.* at 494–96, 114 S.Ct. at 1738.[3]

This court concludes that the holding in *Custis* applies to a collateral challenge to a prior conviction brought through a § 2255 motion to vacate or correct a federal sentence. *See United States v. Gonzales*, 79 F.3d 413, 426–27 (5th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 183, 136 L.Ed.2d 122 (1996)(addressing the constitutionality of 21 U.S.C. § 851(e)'s five-year statute of limitations for challenging a prior conviction used for enhancement purposes) ("Except in the limited circumstance in which the prior conviction was obtained in violation of the right to have counsel appointed, a defendant has no constitutional right to challenge prior convictions used to enhance a currently imposed sentence.").

---

**2.** The Seventh and Ninth Circuits, in unpublished opinions, have held that a defendant cannot challenge, in a § 2255 proceeding, the prior state convictions used to enhance a federal sentence. *United States v. Chow*, 103 F.3d 141 (Table), 1996 WL 717089 (9th Cir.1996); *Hankins v. United States*, 54 F.3d 779 (Table), 1995 WL 302409 (7th Cir.1995).

**3.** The Court stated that its decision was also supported by the practical difficulties that would arise from a contrary ruling. Although the failure to appoint counsel will generally appear on the face of the record, other constitutional challenges "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States." *Id.* at 496, 114 S.Ct. at 1738–1739. The Court also found support for its decision in the "interest in promoting the finality of judgments ..." *Id.* at 497, 114 S.Ct. at 1739. Both of these considerations are equally applicable to § 2255 motions that challenge a prior state conviction used to enhance a federal sentence.

The conclusion that *Custis* precludes the use of a § 2255 action to challenge a prior state conviction used for enhancement purposes is also supported by the final substantive paragraph of the *Custis* opinion. The Court, noting that Custis was still in custody for purposes of his state convictions at the time of his federal sentencing under § 924(e), stated that he "may attack his state sentences in Maryland or through federal habeas review. *See Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). *If* Custis is successful in attacking these state sentences, he may *then* apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 497, 114 S.Ct. at 1737 (emphasis added).

Although courts frequently use the term "federal habeas" to refer to both a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and a Motion to Vacate filed pursuant to 28 U.S.C. § 2255, the court concludes that the reference in *Custis* was only to § 2254 petitions. The Court cited as authority *Maleng v. Cook,* an action brought under 28 U.S.C. § 2254. In addition, it is unlikely that the Supreme Court would have precluded a defendant from challenging a prior state conviction during a federal sentencing proceeding, yet authorized him to challenge the same conviction in a collateral action brought before the same court under 28 U.S.C. § 2255. It is also unlikely that the Supreme Court would authorize a § 2255 collateral challenge to a prior conviction used to enhance a federal sentence and then, if that challenge were successful, permit the defendant to "apply for reopening" of the federal sentence through another § 2255 motion.[4] The court concludes that it is more consistent to interpret the language in *Custis*

that the defendant "may attack his state sentences in Maryland or through federal habeas review" as recognizing a defendant's longstanding right to challenge the constitutionality of a state conviction through a direct appeal or collateral habeas review in state court or, assuming he has exhausted his state remedies, through a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[5] If a defendant succeeds in vacating his prior state conviction through either a state habeas or a § 2254 action, he may then file a § 2255 motion to correct the ACCA sentence.

Because the court concludes that *Custis* precludes defendant's § 2255 challenge to the state convictions used to enhance his federal sentence under the ACCA, the motion to dismiss of the United States (Docket Entry No. 76 at page 7) is **GRANTED**. Because the constitutionality of defendant's state convictions may, if appropriate, be challenged through a § 2254 petition filed in the Northern District of Texas,[6] his § 2255 motion will be dismissed without prejudice to defendant's right to refile in this court should any of his state convictions be vacated or otherwise expunged.[7]

---

**4.** The AEDPA amendments preclude a defendant from filing a second § 2255 motion without prior certification from the Court of Appeals. 28 U.S.C. § 2255.

**5.** *See Hankins v. U.S.,* 54 F.3d 779, 1995 WL 302409 (7th Cir.1995) ("If Hankins wishes to attack the five prior convictions, he should file a habeas action in those cases, and not raise the challenge collaterally in this conspiracy to possess cocaine case.").

**6.** 28 U.S.C. § 2241(d) provides that a petition for writ of habeas corpus is to be filed in the district where the petitioner is in custody or in the district where the convicting state court is located. Defendant is currently in federal custody in Tennessee, and the convicting state court is in the Northern District of Texas.

**7.** Although defendant has not submitted the state habeas records, he has apparently tried and failed to set aside his state convictions through a post-conviction state habeas action.