Frank D. RODRIGUEZ, Petitioner,

v.

Aristedes ZAVARAS, Executive Director of Colorado Department of Corrections, Respondent.

Civil Action No. 96–D–2559.

United States District Court, D. Colorado.

April 1, 1999.

David A. Lane, Miller, Lane & Killmer, L.L.P., Denver, CO, David Lindsey, Denver, CO, for petitioner.

Robert Petrusak, Paul Wolfe, Attorney General's Office, Denver, CO, for respondent.

## ORDER DENYING EVIDENTIARY HEARING

DANIEL, District Judge.

### I. *INTRODUCTION*

THIS MATTER comes before the Court in connection with several pending motions in this case, including: (*l*) the Motion for an Order Allowing Petitioner to Take Depositions filed February 10, 1997; (ii) Respondent's Motion to Limit May 30, 1997 Proceeding to Oral Argument filed May 2, 1997; and (iii) the Motion in Limine re Testimony of Dr. Mark Cunningham. Each of these motions relates to new evidence that the Petitioner wishes the Court to consider in connection with the Petition for Writ of Habeas Corpus regarding the legality of Petitioner's death sentence. After a careful review of the issues raised by the motions, I find no merit to the motions.

The key issue here is whether an evidentiary hearing can be held and/or whether new evidence can be considered in connection with the Petition seeking relief under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"). Petitioner takes the position that he is entitled to an evidentiary hearing on any factual matters that he was improperly precluded from developing during the state court trial regarding his ineffective assistance of counsel claim and/or his claim of state interference with the attorney-client relationship.

It is unclear precisely what evidence the Petitioner wishes to present. Obviously, he wants the Court to consider the testimony of a psychologist, Dr. Mark Cunningham, regarding various mitigating factors about Petitioner's background that he claims were not discovered by his trial counsel.[1] He further seeks to take the depositions of his trial attorneys in the state proceeding, Robin Desmond and David Eisner, presumably to be offered as new evidence. Finally, it appears that he seeks to present other unspecified evidence of ineffective assistance of counsel that he claims the state district court judge disallowed in the postconviction review proceeding under Colo.R.Crim.P 35(c), including: (*l*) evidence that his attorney in the direct appeal provided ineffective assistance of counsel in failing to present a number of issues in the direct appeal because of the alleged unreasonable time constraints placed upon him by the Colorado Supreme Court; (ii) evidence regarding the deficient performance of his counsel at trial and in the Rule 35(c) proceeding; (iii) evidence of Petitioner's psychological condition and other potential mitigation evidence such as sexual abuse that was not discovered by trial counsel; and (iv) evidence discovered as a result of information Petitioner disclosed after trial.

Petitioner also argues that, in addition to the inability to present evidence in the postconviction proceeding, he was further inhibited in his ability to adequately develop the factual issues surrounding his claim of ineffective assistance of counsel by the State's premeditated course of conduct designed to obstruct his attorney's ability to represent Petitioner during his 35(c) proceedings. Presumably, he wishes to present evidence regarding these matters. Finally, Petitioner argues that the state court, not Petitioner, was at "fault" regarding the failure to develop evidence when the court failed to allow evidence and failed to authorize funds to retain a psychological expert. Petitioner asserts that despite his best efforts to present evidence of ineffective assistance of counsel, he was precluded from doing so by rulings of the state trial court. Thus, he argues that the state court's failure to give Petitioner a full and fair hearing in state postconviction

---

1. I allowed this evidence to be presented at the hearing on this matter subject to a later ruling as to whether I would actually consider this evidence, as discussed in more detail later in this Order.

mandates a de novo hearing before this Court.

I previously took the issue of whether to grant an evidentiary hearing under advisement in an Order dated May 20, 1997. There, I held that Petitioner's argument "may be broader than the type of evidentiary hearing authorized by the statute" and that I was "unconvinced that such testimony is appropriate under the controlling standard of review under the statute." Nonetheless, I allowed "expert testimony on the dysfunctional background of the Petitioner by Mark D. Cunningham, Ph.D. that is consistent with the opinions expressed in his report" subject, however, to Petitioner "convinc[ing] the Court that it properly can consider Dr. Cunningham's testimony under the scope of review mandated by § 2254." Further, I permitted Petitioner to argue at the May 30, 1997 hearing that additional evidence should be presented and stated that, if I concurred, "a further hearing day will be scheduled." *Id.,* pp. 2–3. This Order thus represents my final ruling on these issues.

## II. *ANALYSIS*

### A. *Standard for Obtaining an Evidentiary Hearing*

I first address the standard for obtaining an evidentiary hearing. First, I note that § 2254(d)(2) of the AEDPA precludes this Court from granting an application for a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim with respect unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". *Id.* Further, under § 2254(e)(1), the State is entitled to a presumption of correctness as to all factual determinations made by the Colorado courts which can only be rebutted by clear and convincing evidence.

An evidentiary hearing developing new evidence is only available in limited circumstances. Specifically, the AEDPA provides as follows on the subject of evidentiary hearings:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

($l$) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of reasonable diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Prior to enactment of the amendment, the standard as set by the Supreme Court was that "[a] habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). Petitioner argues that the statute simply codified *Keeney.* Petitioner further argues that the statute allows this Court to inquire into both the procedures employed by the state court as well as the substance of that court's findings of fact.

■ However, the majority of courts that have considered the issue do not agree that the statute is a mere codification of *Keeney. See Burris v. Parke,* 948 F.Supp. 1310, 1325 (N.D.Ind.1996), *aff'd,*

116 F.3d 256 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 462, 139 L.Ed.2d 395 (1997); *Housel v. Thomas,* No. 1:94–cv–1444–ODE, 1997 WL 67823 (N.D.Ga.1997). Instead, courts assert that the new amendment significantly "curtails the availability of evidentiary hearings to develop material facts." *Porter v. Gramley,* 112 F.3d 1308, 1316 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 886, 139 L.Ed.2d 873 (1998); *Hunter v. Vasquez,* No. C–90–3275 JW, 1996 WL 612484 at *2 (N.D.Cal.1996) ( [c]learly, the Act limits the circumstances in which a Court reviewing a habeas corpus petition can now conduct an evidentiary hearing").

The Tenth Circuit in *Miller v. Champion,* 161 F.3d 1249, 1253 (10th Cir.1998) held that " '[t]he petitioner who seeks an evidentiary hearing in federal court must now clear the "initial hurdle" of § 2254(e)(2) before the court can proceed to determine whether an evidentiary hearing is otherwise proper or necessary.' " (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998)). Further, the Tenth Circuit held that if a petitioner can clear this initial hurdle, he will be "entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Id.* I find that under the foregoing authority, the right to an evidentiary hearing under the AEDPA is narrower than under the *Keeney* analysis. Thus, I must determine whether to conduct an evidentiary hearing under the new standard provided by the AEDPA.

### B. *Whether an Evidentiary Hearing is Warranted as to Mitigation Evidence*

I first address Petitioner's argument that he should be allowed to present mitigation evidence which was not discovered by trial counsel and which Petitioner disclosed after trial. He asserts that he should be allowed to present such evidence to this Court because he was not at fault in failing to develop this evidence under the first prong of § 2254(e)(2). Petitioner argues that § 2254(e)(2) does not apply, and an evidentiary hearing is warranted, because this section of the statute applies only when the petitioner "failed to develop the factual basis of a claim" in the state court.

The Tenth Circuit in *Miller* held that "where a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." *Miller,* 161 F.3d at 1253. In other words, where the record indicates that the petitioner requested an evidentiary hearing in state court and the court denied such a request, there is not a failure to develop the factual basis in state court. The Seventh Circuit held in *Burris,* 116 F.3d at 258, that a failure within the meaning of § 2254(e)(2) "implies omission—a decision not to introduce evidence when there was an opportunity, or a decision not to seek an opportunity." *See also Love v. Morton,* 112 F.3d 131, 136 (3rd Cir.1997) (petitioner did not fail to develop factual basis of claim where judge made it impossible for him to develop the record); *McDonald v. Johnson,* 139 F.3d 1056, 1059 (5th Cir.1998) ("a petitioner cannot be said to have 'failed to develop' a factual basis for his claim unless the undeveloped record is a result of his own decision or omission"). Thus, if Petitioner in this case did not "fail" to present evidence in state court, he is not barred from presenting evidence in this Court.

Here, however, I believe that § 2254(e)(2) is applicable to Petitioner's mitigation evidence and, accordingly, Petitioner must meet the requirements of same in order to be entitled to an evidentiary hearing. This flows from my finding that Petitioner failed to develop the factual basis of this claim in the State court proceeding. It is undisputed that Petitioner was asked about abuse and his background generally by his trial counsel and/or by an investigator for the public defender's office. *See People v. Rodriguez,* 914 P.2d 230, 296 (Colo.1996) (hereinafter referred

to as "Rodriguez V") (citing ROA v. 63 at 16–17, v. 65 at 35). Petitioner denied any such abuse and chose not to reveal the evidence that his counsel now seeks to present.

Therefore, I must determine whether Petitioner can meet the requirements of § 2254(e)(2)(A) or (B) to obtain an evidentiary hearing in connection with this mitigation evidence. The first prong of the test requires that Petitioner show ($l$) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of reasonable diligence. Petitioner does not rely on any new rule of constitutional law. Accordingly, he must show that the evidence could not have been previously discovered through the exercise of reasonable diligence. Petitioner cannot meet this standard. It is undisputed that Petitioner knew of the mitigation evidence of abuse and other details of his background and chose not to present it. The failure of his counsel to discover this information when counsel had specifically requested this information cannot suffice to satisfy this requirement, especially since a petitioner cannot prevail on an ineffective assistance of counsel claim when he was at fault for failure to disclose the information to his counsel. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Miller,* 907 F.2d 994, 998–99 (10th Cir.1990).

Although counsel for Petitioner in this case argue that there are a number of reasons why Petitioner would not have provided this information at that time to someone that he had not developed a level of trust with, Petitioner has cited no Supreme Court precedent, or even any other federal case, which changes the above analysis. I believe that Respondent is correct that the objective perspective is what is relevant, not why Petitioner subjectively chose not to divulge the information.

Petitioner also relies on cases where counsel was held to be ineffective for failing to investigate or present any mitigating evidence. *See Mak v. Blodgett,* 970 F.2d 614 (9th Cir.1992), *cert. denied,* 507 U.S. 951, 113 S.Ct. 1363, 122 L.Ed.2d 742 (1993); *Eutzy v. Dugger,* 746 F.Supp. 1492 (N.D.Fla.1989); *State v. Tokman,* 564 So.2d 1339 (Miss.1990); *People v. Deere,* 41 Cal.3d 353, 222 Cal.Rptr. 13, 710 P.2d 925 (1985). However, these cases are distinguishable precisely because they dealt with situations where no mitigation evidence was provided. In this case, despite the fact that Petitioner denied any sexual or physical abuse, his counsel still conducted an investigation into his background, including interviews with his family, and presented mitigation evidence to the jury. *See Rodriguez V,* 914 P.2d at 296. Specifically, "[a]t the penalty phase, trial counsel chose the strategy of portraying Rodriguez as an underprivileged youth from a broken home who had been betrayed by the juvenile justice system." *Id.* at 299. Accordingly, under these circumstances, Petitioner is not able to meet the first prong of the test with respect to such evidence.

Finally, regardless of whether or not Petitioner failed to disclose this information, I simply do not need to hear evidence on this point. I agree with Respondent that the issue here is ineffective assistance of counsel for failing to present further evidence of mitigation. In other words, I can assume there was further evidence to be found and then examine whether counsel was ineffective in failing to discover this. There is no need for detailed testimony of child abuse or other mitigation evidence in order for me to determine whether defense counsel should have discovered and presented evidence of such abuse. *See Burris,* 116 F.3d at 259 ("[t]he performance of counsel is assessed by what was known at the time or would have been discovered through diligent pursuit of lines of inquiry reasonable at the time," where there was no evidence that suggested the utility of further mental examinations at time of state court proceeding,

what a neuropsychologist might turn up today is irrelevant).

■ Moreover, even if Petitioner can meet the first prong set out in (e)(2)(A), he must still show that the second prong of the statute set out in § 2254(e)(2)(B) is satisfied, requiring proof that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." This standard is obviously impossible for Petitioner to meet since he is not contesting the guilt phase of his trial. Nonetheless, in my May 20, 1997 Order, I adopted the position of the court in *Burris*, 948 F.Supp. at 1326–27, wherein it held that § 2254(e)(2)(B) should not be read to limit evidentiary hearings to issues that would have impacted on the jury's guilt determination but that it should be applied to the sentencing phase of capital cases. Thus, I stated in my Order that, "as a threshold matter, the focus of any evidentiary hearing must be limited to issues, derived from the record on appeal, that impacted the jury's decision to sentence Petitioner to death" (Order, p. 2).

The *Burris* opinion was further clarified in *Housel v. Thomas*, No. 1:94–cv–1444–ODE, 1997 WL 67823 (N.D.Ga.1997) wherein the court stated as follows as to the petitioner's burden of proof:

> ... in order for Petitioner to be entitled to an evidentiary hearing on any of his penalty phase claims he must show (A) that the claim relies on "(*l*) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "(ii) a factual predicate that could not have been discovered through the exercise of reasonable diligence" and (B) *that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-*

> *finder would have [recommended the death penalty for him]."*

*Id.* at \*4 (emphasis added).

Since my prior Order, I believe that the above cases may have been overruled, or at the very least called into doubt, by an opinion issued by the Seventh Circuit in *Burris*, 116 F.3d at 258. There, the Seventh Circuit stated in reviewing a habeas petition challenging the death penalty sentence:

> We have held that identical language in § 2244(b)(2)(B)(ii) [to that of § 2254(e)(2)(B)] refers unambiguously to the offense of conviction and does not permit proceedings concerning the sentence. *Hope v. United States*, 108 F.3d 119 (7th Cir.1997). It follows that Burris could not obtain a hearing under the standards of § 2254(e)(2).

*Id.* This case may well bar my reliance on the earlier decisions of *Burris* and *Housel* and my decision to interpret § 2254(e)(2)(B) as applying to the penalty phase. *See also Bernal v. Helman*, 958 F.Supp. 349, 359 (N.D.Ill.1997) (holding that petitioner's challenges to his convictions after they were used to enhance his federal sentence were barred by § 2254(e)(2)(B) since "Congress clearly intended for a petitioner to receive an evidentiary hearing only when the alleged defect had resulted in the conviction of an innocent person... [petitioner] does not suggest that he is innocent of the offenses of which he was convicted"); *United States ex rel. Centanni v. Washington*, No. 95 C 7393, No. 95 C 7394, 1996 WL 556978, \*2 (N.D.Ill.1996) (petitioners' challenges to convictions were not entitled to evidentiary hearing since the claims do "not speak at all to any claim of innocence, or at least nonconvictability, on their part—the only potential exceptions under Section 2254(e)(2)(B) ... Congress has now determined that no federal habeas relief in the form of an evidentiary hearing and a ruling based on that hearing is to be provided to such guilty defendants").

However, even if I reject the above authority and hold that Petitioner can obtain an evidentiary hearing in connection with his challenge to the death penalty sentence, I find that Petitioner cannot meet the requirement of § 2254(e)(2)(B). As referenced above, there was mitigation evidence presented to the jury about Frank Rodriguez' background. The background information that was given about Petitioner was in the same vein as that Petitioner wishes to present here although, admittedly, it did not include many of the additional details that Petitioner wishes to present here. In that regard, the document entitled "The Life History" of Frank Rodriguez detailed Petitioner's poor home environment, including that Petitioner's mother and father abandoned him at various times in his early life, that Petitioner was referred to by his mother as "my nigger", and that Petitioner had a problem with drugs and alcohol. Defense Exhibit 38. Given the fact that mitigation evidence in the form of Petitioner's background was presented to the jury and it still chose to sentence Petitioner to death, I do not find that if this additional mitigation evidence were presented to the jury, by clear and convincing evidence, no reasonable factfinder would have recommended the death penalty for him.

### C. Whether an Evidentiary Hearing is Warranted as to Alleged Ineffective Assistance of Counsel

Next, I address Petitioner's wish to hold an evidentiary hearing in connection with the issue of ineffective assistance of counsel at trial, in the Rule 35(c) proceeding and in the direct appeal. In that regard, Petitioner seeks to take the deposition of his trial attorneys, Robin Desmond and David Eisner. First, I note that to the extent that this evidence would constitute mitigation evidence already addressed by the Court above, the same analysis explained above precludes an evidentiary hearing.

To the extent that this bears on other issues, I must determine whether § 2254(e)(2)(B) is applicable. To do so,

again I must examine whether this evidence is something that Petitioner failed to present in the state court proceeding. It is clear that Petitioner was provided a hearing on ineffective assistance of counsel. *See* ROA v. 62. The primary argument that Petitioner makes in support of a hearing is that the trial court did not allow counsel to present evidence regarding mitigation that Petitioner failed to disclose to his counsel or evidence related to the appeal of his ineffectiveness of assistance claim. However, since Petitioner presented the factual basis of these arguments in state court or at least attempted to, § 2254(e)(2) does not appear to be applicable.

Thus, the next question is whether an evidentiary hearing is warranted when § 2254(e)(2) is not applicable. There is no guidance in the AEDPA since § 2254(e)(2) is the only reference to an evidentiary hearing. First, as to issues regarding the trial, I find that an evidentiary hearing is not warranted. As discussed earlier, Petitioner is at fault for withholding information from his attorneys concerning mitigation, and as such, can not claim ineffective assistance of counsel. Since he cannot prevail on this issue, there is no reason to hold an evidentiary hearing. *See Miller*, 161 F.3d at 1253. As to the remaining issues regarding ineffective assistance of counsel at trial, Petitioner was provided a full hearing on the issue of ineffective assistance of counsel at trial, and has not shown that there is any reason for the Court to hear further evidence on this issue. In other words, he has not shown that "his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Id.*

As to issues regarding ineffective assistance of counsel on appeal, I note that § 2254(e)(2)(B) does not technically provide a basis for this Court to grant an evidentiary hearing in connection with either a postconviction hearing or an appeal since it deals solely with evidence regarding liability and, as construed by certain

courts, the penalty phase of the proceeding. Even if I assume that Petitioner is not barred from presenting evidence, I find that a hearing is not warranted. Petitioner appears to seek a hearing in regard to his counsel's failure to present a number of issues because of the alleged unreasonable time constraints placed upon him by the Colorado Supreme Court. However, there is no reason to hold a hearing on this issue. It is apparent from the record what issues were presented and what issues counsel wished to raise but claimed that he could not urge because of alleged time constraints, *i.e.*, counsel attached a list of 102 additional issues that he wanted to raise in his opening brief. *See Caro v. Vasquez*, No. C 93–4159 JW, 1996 WL 478683 (N.D.Cal.1996), *remanded on other grounds*, 165 F.3d 1223 (9th Cir.1999).

Finally, to the extent that Petitioner may wish to present evidence of state interference with his right to counsel, these claims arose only after the penalty phase. Thus, such evidence fails to satisfy the second prong of § 2254(e)(2) in that such evidence would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have [recommended the death penalty for him]." More fundamentally, I agree with Respondent that these claims and issues have been previously addressed in prior litigation in this Court, notably *Rodriguez v. Zavaras*, 92–N–425. An evidentiary hearing is not warranted to duplicate matters already decided in that case.

Accordingly, it is

ORDERED that the Motion for An Order Allowing Petition to Take Depositions filed February 10, 1997 is DENIED. It is

FURTHER ORDERED that since I have determined that an evidentiary hearing is not warranted, the evidence of Dr. Mark Cunningham will not be considered, and the Motion in Limine re Testimony of Dr. Mark Cunningham is GRANTED.